## Cunningham *versus* Mitchell.

1. The Acts of March 25th, April 8th, August 25th 1864, and May 1st 1866, give authority to school directors, &c., to levy taxes to pay bounties to volunteers; and they having jurisdiction of the subject-matter, a warrant to collect such taxes is a justification to the collector, notwithstanding the previous proceedings of the directors may have been irregular.

2. In collecting such taxes directors and other authorities must proceed in the same manner as that in which they respectively collect other taxes levied by them.

3. The directors are the proper judges in the first instance to determine when and to whom to pay bounties and raise taxes for the purpose.

4. A collector having a warrant from an authority having power to issue it, cannot inquire into the precedent steps.

5. An inferior public officer acting within the scope of his warrant when apparently regular, is protected, unless the authority issuing it is without jurisdiction.

6. Moore v. Allegheny, 6 Harris 58, recognised.

November 15th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Cunningham v. Mitchell.]

Error to the Court of Common Pleas of *Fayette county :* No. 27, to October and November Term 1870.

This was an action of trespass, issued February 19th 1868, by David Mitchell against Francis M. Cunningham. The cause of action was the seizure and sale by the defendant of a wagon belonging to the plaintiff. The defendant justified under a warrant from the school directors of Stewart township for the collection of a tax assessed by the school directors, under the Act of May 1st 1866, to pay $600—bounties to two veteran volunteers—the defendant being one, and one Williams, a member of the school board which authorized the tax, being another. The evidence showed that a resolution to raise by tax the amount to pay the bounties was adopted by the school boards—the duplicate in pursuance of the authority in which the plaintiff was charged with $18.27, the warrant to the defendant as collector, the demand on the plaintiff for the tax and his refusal.

There was no evidence that Stewart township had offered to pay bounties to volunteers.

The defendants' point was: "The plaintiff is not entitled to recover, if the jury believe from the evidence that the defendant levied upon and sold the plaintiff's property by virtue of a warrant signed by the president of the school board, and countersigned by the secretary of said board of Stewart township, authorizing him to collect bounty tax, the plaintiff having refused to pay said tax after demand made by the defendant."

This point was refused, and Gilmore, P. J., further charged: * * * "Stewart township never paid or agreed to pay bounties. The single question is, had the board of school directors or any four of them the right to levy the tax and issue a warrant for its collection? It is decided that this cannot be done, and so far as this tribunal is concerned that ends the matter, and leaves you only to assess the damages, which we think should be nothing more than compensatory," &c.

The verdict was for the plaintiff for $23.60.

The defendant took a writ of error and assigned for error the answer to his point and the part of the charge given above.

*A. E. Willson* (with whom was *G. W. K. Miner*), for plaintiff in error.—The proceedings to levy the tax not having been restrained, the duplicate and warrant justified the collector. The directors had jurisdiction of the subject-matter, and the collector could not go behind his warrant: Clinton School District's Appeal, 6 P. F. Smith 315; Wharton v. Birmingham, 1 Wright 371; Moore v. School Directors of Clearfield, 9 P. F. Smith 234.

*C. E. Boyle* (with whom was *A. Howell*), for defendant in error, cited Washington Co. v. Berwick, 6 P. F. Smith 466; Hilbish v.

[Cunningham *v.* Mitchell.]

Hower, 8 Id. 94; Meek *v.* Bayard, 3 Id. 217; Susquehanna Depot *v.* Barry, 11 Id. 317; Stephens *v.* Wilkins, 6 Barr 260; Pearce *v.* Torrence, 2 Grant 82; Petersburg *v.* Noss, 2 P. F. Smith 448.

The opinion of the court was delivered, January 3d 1871, by

AGNEW, J.—The defendant below was a collector of bounty taxes appointed by the board of school directors of Stewart township, and acting under a regular warrant for collection of taxes in a duplicate put into his hands by the board. The plaintiff below brought an action of trespass against him for levying upon and selling a wagon of the plaintiff for taxes contained in the duplicate which he had refused to pay. No objection was made to the regularity of the warrant and assessment, but the court below held that the defendant was not protected by his warrant, on the ground that the board of school directors was not authorized to levy the tax. We think the judge erred in this.

The 6th section of the Act of 25th March 1864 confers power on the county commissioners to raise money to pay bounties to every volunteer from the county entering the military or naval service of the United States after the 17th October 1863, and to every one who should enter the service and be credited to the quota of the county after the date of the act.

The act is retrospective as well as prospective. If the commissioners neglect or refuse to perform their duty, any township, ward or borough by their authorities, to wit, school directors, ward commissioners or supervisors, shall have power to proceed and raise bounties as fully and effectually as if done by the county authorities. The 7th section makes provision for levying the taxes, which shall be collected as county, city, ward or borough taxes are levied and collected. The 1st section of the Act of 8th April 1864, supplementary to the act referred to, declares it to be the true intent and meaning of the former act, that school directors of each and every ward and borough in the Commonwealth are as fully empowered to assess and collect taxes to pay bounties to volunteers, and to issue bonds in payment of the same as the school directors are authorized to do by said act. This was followed by the Act of 25th August 1864, which again invested the authorities of any city, borough, township and ward with power to borrow money and levy and assess taxes for the payment of bounties as fully, to all intents and purposes, as the county commissioners might or could have done under the provisions of the former act. Volunteers who re-enlist and have been termed veterans, were expressly included in the terms of the Act of 25th March 1864, by the 12th section. After these acts came that of the 1st May 1866, which expressly authorized the payment of bounties to all veterans re-enlisting under General Orders, No. 191, from the

[Cunningham v. Mitchell.]

War Department, dated June 25th 1863, and its supplements extending to April 1st 1864. The 3d section of the Act of 1866 expressly authorizes the school directors or other proper authorities to levy and collect a sufficient tax to pay such veteran volunteers or their heirs or legal representatives. The practice under these acts has been for the authorities who levy and collect the tax to proceed in the manner prescribed by law for the collection of taxes by such authorities; that is, school directors according to the mode provided by the school law, and other township authorities in the mode prescribed for them. This mode of proceeding has been recognised by this court as the proper one in the case of Chalker v. Ives, 5 P. F. Smith 83. Thus we find the school directors clothed with full and general power to assess and collect taxes for the payment of bounties including those to veterans; making them, in the first instance, the proper judges to determine when and for whom to pay bounties and raise taxes for this purpose. But it was said by the court below, and the opinion of the judge is founded on this ground, that Stewart township or its authorities had never offered to pay bounties to volunteers, and therefore, under the decision of this court, in Washington County v. Berwick, 6 P. F. Smith 466, the assessment of taxes to pay bounties was illegal. This was not the precise point decided in that case; but let it be so considered, as a corollary from the decision, yet the judge fell into error when he held that the collector could be made liable in an action of trespass for the irregularity, when acting under a warrant entirely regular on its face, and issued by a board having full general jurisdiction and power over the subject.

It is very evident that the irregularity arises not because of a want of power or authority to levy and collect taxes to pay bounties to veteran volunteers, but from a misjudgment of the directors of the case in which they should exercise the power. When a collector takes a warrant regular on its face issued by an authority having lawful power to issue it, how can he inquire into the precedent steps and determine that in his opinion the power has not been exercised in a proper case. This determination does not belong to him but to the board whose warrant he must obey. Any other doctrine would put an end to the collection of taxes whenever a difference of opinion arises as to the object to which the tax is to be applied. If officers having a full power to act in such a matter, attempt to exercise it for a purpose not lawful, they are to be held amenable, and they may be enjoined by the courts, or may be mulcted in damages in trespass; but having a power to act, their misjudgment of the case in which it is proper to exercise their power, is not to be visited on their subordinate who acts under a proper warrant from them. In the case of public officers, an inferior acting within the scope of his warrant, when apparently

17 P. F. SMITH—6

[Cunningham *v.* Mitchell.]

regular, is always protected; unless the authority issuing it was without jurisdiction. It has been a question how far this protection extends, when the superior authority acts, irregularly and illegally. But now the doctrine appears to be settled as it should be that even in such case the inferior has to look only to his warrant, and cannot be required to rejudge the judgment of his superior. Certainly it must be considered as so settled in this state since the case of Moore *v.* Allegheny City, 6 Harris 58, in which Judge Bell examines the question very elaborately, and says, it is now settled that where the person or tribunal issuing the process has jurisdiction of the subject-matter, and the process is regular on its face, the officer executing it is not to be affected by any illegality in the previous proceedings.

The distinction is between the usurpation of a power not conferred, and the irregular or illegal exercise of a jurisdiction possessed. So in Paul *v.* Vankirk, 6 Binney 124, Ch. J. Tilghman held that a constable and his assistant might justify upon an execution though it was wholly irregular, saying, "It is enough for them to show an execution issued by competent authority. Whether the execution is supported by the judgment is a question in which it would be unreasonable for the law to involve them." When the warrant is issued by one having no authority it will not protect, as held in Stephen *v.* Wilkins, 6 Barr 260, and Hilbish *v.* Hower, 8 P. F. Smith 93, but as remarked by Coulter, J., in the former case, a tax collector is the agent and minister of the law, but to almost all people an unwelcome messenger. The law whose servant he is will therefore protect him in all proper acts done within the scope of his authority.

Judgment reversed, and a *venire facias de novo* awarded.