## W. M. Rice, Appellant, v. O. K. Burns.

*Taxation—Warrants for road tax—Return within twenty days.*

A tax collector is authorized under the Act of May 22, 1895, P. L. 111, in addition to other provided remedies, to collect either road or poor taxes by levy and sale in the same manner as school and county taxes are collected; hence it follows under section 20, Act of April 15, 1834, P. L. 509, that a warrant issued for a road tax, to a collector and constable is not defective because not made returnable within twenty days.

*Practice, Superior Court—Defective assignment—Rule XVII.*

An assignment of error is defective which fails to quote the full substance of the bill, etc., under Rule XVII.

*Evidence—Inadequate notice of alleged illegality of tax levy.*

An offer to show that a tax levy was illegal and that a tax collector "had notice of the illegality" is inadequate and was properly rejected where the effort was to show, apparently, the communication of the witnesses' opinion on a question of law to the collector.

*Public officers—Protection of a warrant to inferior officer.*

In the case of public officers, an inferior acting within the scope of his

warrant, when apparently regular, is always protected; unless the authority issuing it is without jurisdiction.

*Tax collector—Protection, by scope of warrant, from liability for trespass.*

A tax collector is protected from liability for trespass by a warrant of road commissioners apparently regular although the commissioners had exceeded their authority and levied the extra road tax in money instead of twenty-five per cent thereof as they were authorized by statute to make payable in money.

Argued May 16, 1898. Appeal, No. 34, April T., 1898, by plaintiff, from judgment of C. P. Venango Co., Jan. T., 1897, No. 57, in favor of defendant, non obstante veredicto. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ. Affirmed.

Trespass. Before CRISWELL, J.

It appears from the record and evidence that an action of trespass was brought against defendant for an illegal distraint of taxes. The jury found the following special verdict:

That the defendant, O. K. Burns, was for the year 1895 constable of the township of Sandy Creek, Venango county; that as such, on or about November 1, 1895, he received from the commissioners of said township a duplicate, wherein the plaintiff, William M. Rice, a resident of said township, was charged with cash and delinquent road tax in the sum of $6.06, annexed to which duplicate was a warrant, signed by D. McRae and B. Dewoody, two of the road commissioners of said township, the said warrant being in the words and form following:

"VENANGO CO., PA. } ss:
    SANDYCREEK, TP. }

"To O. K. Burns, Constable. These are to authorize and require you to demand and receive of and from every person named in the annex duplicate of cash and delinquent road tax of Sandycreek Tp. The same where with such person stand charged and pay the same to Harvy Davis Treasure of said township, or his successor in office on or before the first of January, 1896. And if any person shall neglect or refuse to make payment of the amount due by him on demand so made by you, It shall be the duty of you, the Constable a fore said to levy amount by distress and sale of goods and chattle of Cash Tax

giving ten days notice of such sale by written or printed hand bills Advertisements and returning the over plus (if any their be) to owner.

" Here fail not

" Given under our hand and seal the

(signed)     "D. McRae

"B. Dewoody

"E. C. Pyle."

That in pursuance of said warrant the defendant, in June, 1896, seized, and on July 11th, 1896, sold property of the plaintiff of the value of $26.00, due notice having been given in the form following, to wit:

" COLLECTOR'S SALE.

" There will be exposed to sale by public vendue or outcry, at the house of Wm. Rice, in the township of Sandy Creek Venango County, Pa., on 27th Sat. the 27th day of June, 1896, at 10 o'clock A. M., the following personal property, viz:

" One Two Horse Plow & Set of Bob Sleds.

" Sale adjourned to July 6th 1896, 10 o'clock A. M.

" Taken on warrant for collection of Cash Road Tax assessed in Sandy Creek Tp for the year 1895.

" O. K. Burns, Collector."

To which paper was attached, " Sale adjourned to July 11th 3 o'clock."

That during the said years the act of assembly of April 9, 1844, entitled " An act relating to roads, highways and bridges in the counties of Warren, Venango and McKean and for other purposes," so far as the same relates to the levy and collection of road taxes, was in force in said county of Venango, and in said township. That prior to the seizure and sale of said property the defendant had settled with the township of Sandy Creek as collector of said taxes, and had paid the amount of the taxes charged in the duplicate against the plaintiff, William Rice.

If, upon the facts found and the law applicable thereto, the court shall be of the opinion that the plaintiff is entitled to recover, then judgment to be entered for the plaintiff for the value of said property, to wit: the sum of $26.00 and costs. But if the court shall be of the opinion that the plaintiff is not

entitled to recover, then judgment to be entered for the defendant, non obstante veredicto.

June 7, 1897, judgment entered for defendant against plaintiff non obstante veredicto. Plaintiff appealed.

*Errors assigned* were (1) in refusing to admit as evidence the minutes of the meeting of the road commissioners of Sandy Creek township, held November 8, 1895, for the purpose of showing the illegality of the attempted levy. (2) In refusing to admit the testimony of H. E. McElhaney offered for the purpose of showing that the defendant had knowledge of the illegality of the proceedings of the road commissioners and their attempts to levy the cash road tax for the year 1895, which he was attempting to collect. (3) In entering judgment for defendant non obstante veredicto on the special verdict found by the jury.

*Robert F. Glenn,* for appellant.—There can be no question as to the illegality of the attempted levy of a " cash road tax " by the road commissioners of Sandy Creek township.

The special law governing the levy of road tax in Venango county is the Act of April 9, 1844, P. L. 230, and provides, inter alia, sec. 4, " that the said commissioners shall lay such tax upon the property so assessed as they shall deem necessary for road and bridge purposes for the current year; " and, " if they find the same necessary, collect a part of the road tax so laid, not exceeding twenty-five per cent. in money," etc.

The general act approved May 24, 1887, P. L. 202, contains substantially the same provision; neither act authorizes proceedings such as were had by the road commissioners November 9, 1895, as shown by their minutes.

According to the testimony of E. J. Boals, their clerk, there are no other minutes of any meeting held during the year. There being no authority for the attempted levy, it is therefore illegal and void.

Two of the commissioners, however, assuming that they had acted properly and within the scope of their authority, issued what purports to be a warrant directed to the constable of Sandy Creek township.

The alleged warrant is defective in that (1) it is without date;

(2) it does not state what year's taxes are to be received or col
lected by him; (3) it is not made returnable in twenty days as
directed by act of assembly; (4) it is not under seal as stated;
(5) it is not signed by any person or persons as road commis-
sioners; (6) it is signed by but two persons.

The authority of a tax collector is his warrant; the duplicate
is but a memorandum of the amount.    The warrant must in
every particular conform to the requirements of the law author-
izing it, or it is no protection to the collector: Hilbish v. Hover,
58 Penn. 93.

Without a proper warrant, the constable was a trespasser and
liable for damages.

He is bound to know that his warrant is properly executed.


*John O. McCalmont,* with him *Bryan H. Osborne,* for appel-
lee.—Appellee denies any illegality in the assessment, but con-
tends that the question cannot be raised in this proceeding.
The last paragraph of the opinion quoted, with the cases cited
there, settles this: Cunningham v. Mitchell, 67 Pa. 78; Moore
v. Allegheny, 18 Pa. 55; Barr v. Boyles, 96 Pa. 31; Wharton
v. Borough, 37 Pa. 371.

Where a general power to assess exists the remedy for illegal
taxation is by appeal: Clinton School District's Appeal, 56 Pa.
315; Stewart v. Maple, 70 Pa. 221; Van Nort's Appeal, 121
Pa. 118.

By Act of May 22, 1895, P. L. 111, the method of collecting
county taxes, as prescribed by the act of 1834, was extended
to the collection of road taxes.

Thus it was entirely unnecessary that the warrant should be
made returnable in twenty days.


OPINION BY RICE, P. J., December 16, 1898:

The special law governing the levy of road taxes in Venango
county provides, inter alia, " that the said commissioners shall
lay such tax upon the property so assessed as they shall deem
necessary for road and bridge purposes for the current year;"
also, "if they find the same necessary, collect a part of the
road tax so laid, not exceeding twenty-five per cent in money,"
etc.    The minutes of the road commissioners offered in evi-
dence, show that a road tax of two mills was levied on Novem-

ber 8, 1895. Granting that in making the whole amount of this tax payable in money, the commissioners exceeded their authority, was the defendant a trespasser? Clearly not. So far as the duplicate and the warrant in his hands showed, the levy was apparently within the scope of the authority of the commissioners, and such being the case, he was protected in the execution of the warrant against action of trespass. The law upon this subject is well settled. " In the case of public officers, an inferior acting within the scope of his warrant, when apparently regular, is always protected; unless the authority issuing it was without jurisdiction. It has been a question how far this protection extends, when the superior authority acts irregularly and illegally. But now the doctrine appears to be settled, as it should be, that even in such case, the inferior has to look only to his warrant, and cannot be required to rejudge the judgment of his superior. . . . The distinction is between the usurpation of a power not conferred, and the irregular or illegal exercise of a jurisdiction possessed: " Cunningham v. Mitchell, 67 Pa. 78; Moore v. Allegheny, 18 Pa. 55; Buck v. Commonwealth, 90 Pa. 110. In all of these cases this general principle was applied to the protection of tax collectors; but it is one of general application as the decision in Barr v. Boyles, 96 Pa. 31, and the cases cited in the opinion of Mr. Justice MERCUR, will abundantly show. As the commissioners had authority to collect a portion of the road taxes of the year in money, it was not for the collector to determine whether or not they had exceeded their authority in that regard.

The plaintiff argues that the case is not within this principle, or rather that it would have been taken out of it, if the evidence referred to in the second assignment of error had been admitted. When the error assigned is the admission or rejection of evidence, the assignment should quote the full substance of the bill of exceptions, or copy the bill in immediate connection with the assignment: Rule XVII. Doubtless, counsel intended to comply with this rule, but in the consideration of the question raised by this assignment, we deem it advisable to refer to the precise terms of the rejected offer. The plaintiff offered to prove that the defendant " had notice of the illegality of the tax levy or assessment for cash road tax . . . . prior to the seizure and sale of the property," etc. As explained by another

portion of the record he proposed to prove this fact by evidence that another taxpayer, one, H. D. McElhany, had notified the defendant that the levy of the cash road tax for the year 1895 was illegal.     The objection was made to this offer that it was indefinite, and did not show wherein the levy was illegal.     This objection, even if there were no other, would have justified the court in rejecting the offer.     The effort was to show, apparently, the communication of the witness's opinion upon a question of law to the collector.     But, as we have seen, he was a ministerial officer, and surely this fact would not have relieved him from the duty of obeying the command of his warrant; therefore, it would not have deprived him of its protection, if it was apparently regular.     The first and second assignments of error are overruled.

It is to be observed that the defendant was both collector and constable, and that the warrant under which he justified was delivered to him with the duplicate.     The Act of May 22, 1895, P. L. 111, provides, as follows: " All persons who are authorized under existing laws to collect either road or poor taxes . . . . are hereby authorized and empowered, in addition to the remedies heretofore provided, to collect either road or poor tax by levy and sale in the same manner as school and county taxes are now by law collected."     Section 20 of the Act of April 15, 1834, P. L. 509, relating to the collection of county taxes, provides that the county commissioners shall issue their warrant with the duplicate to the collector, and section 21 provides that in case of default of payment for thirty days from the time of demand the collector shall levy the amount by distress and sale.     These provisions being applicable to the collection of road taxes, the objection that the warrant was not made returnable within twenty days is not well taken.

The remaining objections, urged against the regularity of the warrant, and of the proceedings of the defendant in the execution of it, are fully considered, and correctly disposed of in the able opinion of the learned judge of the court below overruling the plaintiff's motion for a new trial and entering judgment for the defendant non obstante veredicto.     We cannot add, profitably, anything to the discussion.

Judgment affirmed.