# Reap's Appeal.

*Courts—Contempt of court—Payment of fine—Purge of contempt.*
A person, who is adjudged in contempt of court and fined, has no appeal where he pays the fine and purges himself of the contempt.

Where the court had jurisdiction of the subject matter and the parties, the imposition of the fine is a final judgment, from which

an appeal will lie. The defendant is put to an election to either appeal or pay the fine and thus purge himself of the contempt. The payment of the fine ends the matter, and no appeal lies.

Such a case is entirely different from one in which the appellant pays the fine in order to be released from imprisonment which the court had in no case jurisdiction to impose.

The distinction is between the usurpation of a power not conferred, and the irregular or illegal exercise of a jurisdiction possessed.

Argued March 10, 1926. Appeal No. 29, February T., 1926, from judgment of Q. S. Lackawanna County, November T., 1925, No. 321, in the case of Appeal of Jim Reap. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Appeal quashed.

Rule to show cause why respondent should not be held in contempt of court. Before FULLER, P. J., 11th Judicial District, Specially Presiding, and NEWCOMB and MAXEY, JJ.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule and sentenced the respondent, Reap, to pay a fine of $500, and in default of payment to stand committed. Defendant, having paid the fine, appealed.

*Error assigned* was the order of the court.

*Leon M. Levy,* and with him *Joseph O'Brien* and *David J. Reedy,* for appellant.

*Walter L. Hill,* and with him *David J. Davis, Clarence Balentine* and *Joseph B. Jenkins,* for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

The appellant was, after a hearing, adjudged by the

court below guilty of contempt of court, in refusing to serve process by the court issued. The hearing upon the rule was held before three judges of the court below; there is no doubt that the court was properly organized and the defendant was present at the hearing and represented by able counsel. The court, after a hearing, adjudged the defendants, Jim Reap and John McLane, "guilty of contempt of court for their wilful disobedience of the orders of the court and their defiant refusal to execute the orders of the court, which disobedience and refusal were in contravention of the court's authority and tended to and did obstruct, frustrate and impede the due administration of justice and constituted a grave contempt of the authority and dignity of this court"; and sentenced Jim Reap to pay a fine of $500, and to stand committed until the sentence is complied with. This sentence was imposed on December 12, 1925, and on the same day Reap paid the fine, and thus purged himself of the contempt. On December 16, 1925, Reap took this appeal.

It appears of record and this court was advised by counsel at bar, that the appellant had purged himself of the contempt four days before the appeal in this case was taken. This would seem to be an end of the proceeding. It is contended on behalf of the appellant, however, that the payment of the fine was not voluntary and in support of this contention cases are cited in which the defendant was under unlawful duress of his person or property, as where the court had been without jurisdiction of the subject-matter; or had imposed a sentence not authorized by law; or had been in duress of his property where a collector of customs was threatening a forfeiture of goods for non-payment of an alleged tax which the law did not impose, in all of which cases it was held that the payment of the fine or tax was made under protest; it could not

be held to be voluntarily paid, the party paying having been compelled to rescue himself from such distress by payment of the money, and might afterwards recover it back. The money in those cases had been collected through an usurpation of power not conferred, not through the irregular exercise of a jurisdiction possessed. In the present case there can be no question as to the jurisdiction of the court below. It had jurisdiction both of the subject-matter and of the person of the appellant, and to impose a fine upon a sheriff who defiantly refused to execute process to him directed, so long as the process was fair upon its face. When the court adjudged appellant to be in contempt and imposed a fine, that was a final judgment, from which an appeal would at once lie without an allowance by the appellate court. The appellant was put to his election, he might either appeal, or pay the fine and thus end the whole matter. Such a case is entirely different from one in which the appellant pays a fine in order to be released from imprisonment which the court had, in no case, jurisdiction to impose. "The distinction is between the usurpation of a power not conferred, and the irregular or illegal exercise of a jurisdiction possessed"; Cunningham v. Mitchell, 67 Pa. 78; Rice v. Burns, 9 Pa. Superior Ct. 63; Commonwealth v. Barbono, 56 Pa. Superior Ct. 641. President Judge RICE in his opinion in the case last cited referred to the distinction between that case and those in which the court had jurisdiction of the subject-matter and the parties and jurisdiction to impose the fine, and in which it was held that having paid the fine the defendant must be held to have voluntarily paid. This case is ruled by the decisions in Commonwealth v. Gipner, 118 Pa. 379; Commonwealth v. Yocum, 37 Pa. Superior Ct. 240; City of McKeesport v. Dunn, 83 Pa. Superior Ct. 194. The appellant having purged himself of the contempt,

no question remains for our consideration: Commonwealth v. Weigley, 83 Pa. Superior Ct. 189.

The appeal is quashed.

A similar order was made in the appeal of John McLane, February T., 1926, No. 28.