113 Pa. Commonwealth Ct. 63 (1988)
536 A.2d 490
David P. Shuman, Appellant
v.
Cumberland Valley School District Board of Directors, Appellee.
No. 1674 C.D. 1986.
Commonwealth Court of Pennsylvania.
Argued April 24, 1987.
January 26, 1988.
Argued April 24, 1987 before Judges MacPHAIL and DOYLE, and Senior Judge BLATT, sitting as a panel of three. Reconsideration granted by submission on briefs on December 16, 1987, to President Judge CRUMLISH, JR. and Judges CRAIG, MacPHAIL, DOYLE, BARRY, COLINS and PALLADINO.
Robert C. Saidis, Saidis & Guido, for appellant.
*64 Richard C. Snelbaker, Snelbaker, Elicker & Silver, for appellee.
OPINION BY JUDGE DOYLE, January 26, 1988:
David P. Shuman (Appellant) appeals from an order of the Court of Common Pleas of Cumberland County which dismissed his appeal from a decision of the Board of Directors of the Cumberland Valley School District (Board) expelling him from school and denying him a diploma.
On May 16, 1985, D.C. and C.T., students at the Cumberland Valley High School (School), were observed by a school matron passing white blotter paper containing an unknown substance on school premises. The paper was seized by school officials. An analysis by the Pennsylvania State Police Laboratory of the substance contained in the blotter paper showed it to be Lysergic Acid Diethylamide (LSD). D.C. told School officials that he had purchased the LSD from Appellant, a twelfth grade senior class student at the School.
The School notified Appellant by certified mail on May 21, that a hearing would be held on May 30 to determine what disciplinary action would be taken against Appellant. On May 29, Appellant was diagnosed as having infectious mononucleosis, and the hearing was therefore continued at Appellant's request until June 3. During this time, Appellant was allowed to attend classes and sit for his final examinations. The hearing was held on June 3, 1985, the last regular school day for seniors and the day senior grades were due to be turned in to school officials. Appellant's grades were given to School officials on this day by his teachers. The morning of the day the School's senior class was scheduled to graduate, June 6, 1985, the Board voted to expel Appellant permanently. Because of this expulsion, the Board has continuously refused to issue Appellant a diploma.
*65 Appellant appealed the Board's decision to the court of common pleas, challenging both the propriety of his expulsion and the Board's refusal to issue the diploma. The common pleas court, after a de novo hearing, ruled that the only issue it could consider was the propriety of Appellant's expulsion and held that Appellant's only possible avenue of relief to obtain his diploma was by way of mandamus. The Court further held that the Board had properly expelled Appellant for selling the LSD. This appeal follows on the sole issue of the Board's denial of the diploma.
The central issue in this appeal is whether a trial court may consider a request for ancillary relief when the propriety of the underlying local agency action is not challenged. We agree with Appellant that the trial court, under the circumstances of this case, should have considered the question of whether the Board abused its discretion in failing to issue a diploma to Appellant after he had completed his course requirements. The issue presented here by Appellant is one ancillary to Appellant's expulsion, yet not necessarily mooted by resolution of the expulsion issue. See Lehotzky v. State Civil Service Commission, 82 Pa. Commonwealth Ct. 612, 477 A.2d 13 (1984). Therefore, the trial court erred by holding that this issue was not cognizable within the scope of a local agency appeal.
Ordinarily, after such a resolution, we would remand this case for further proceedings before the trial court. At oral argument before this Court,[1] however, and in their briefs, both parties have asked us to decide the issue not reached by the trial court in order to bring a resolution to this litigation and give Appellant a clear *66 view of his options regarding his future education. For purposes of judicial economy and because all the facts necessary for this Court to render a decision were found by the trial court, we will decide the issue. See Northwest Tri-County Intermediate Unit No. 5 Education Association v. Northwest Tri-County Intermediate Unit No. 5, 77 Pa. Commonwealth Ct. 92, 465 A.2d 89 (1983).
The relevant statutory provision relating to the granting of a high school diploma is Section 1613 of the Public School Code of 1949[2] (School Code) which provides:
The board of school directors, joint board or joint school committee operating any high school shall issue a certificate to each pupil satisfactorily completing the prescribed course of instruction in the high school.

24 P.S. §16-1613 (emphasis added).
Additionally, Department of Education Regulation 5.11(a), 22 Pa. Code §5.11(a) reads as follows:
(a) Completion. Credit shall be awarded upon satisfactory completion of planned courses as shall be determined by the Principal in consultation with the teacher.
(Emphasis added.)
The Board contends that since Appellant was not a "student" at the time set forth for graduation, i.e., 8:00 p.m. on June 6, 1985, because he had been permanently expelled at 8:00 a.m. that morning, he did not have a right to a diploma under Section 1613. The Board's argument is that, since 180 days of instruction are mandated by Section 1501 of the School Code, 24 P.S. §15-1501, and since the last student day scheduled by the *67 School for seniors was June 6, 1985, Appellant's failure to be a student at the end of the day of June 6, 1985 means that he does not satisfy the requirements of Section 1613. Regrettably, we must disagree.
The Board's argument presupposes that the term "course of instruction" as used in Section 1613 is synonymous with the minimum 180 days of instruction mandated by Section 1501. The School Code, however, does not define the term "course of instruction," nor does it define the word "course" as used in that phrase. Among the definitions of the word "course" found in Webster's Third New International Dictionary, 522 (1986) are: "an educational unit usually at the high school, college, or university level consisting of a series of instruction periods (as lectures, recitations, laboratory sessions) dealing with a particular subject," and a "series of such courses coordinated to constitute a curriculum and leading typically to a degree." In the present case, Appellant had completed all of the instruction periods necessary (including examination periods) to complete his courses, and William R. Pierce, School principal, testified that Appellant would have graduated but for the expulsion. Appellant's right to receive a diploma rested upon the successful completion of his course work and the submission of his grade to the administrators of the school by his teachers. Both conditions were fulfilled.
The Board contends that by allowing the issuance of a diploma in this case, we will wreak "havoc and chaos" upon the halls of the School, as the Board and School would be unable to discipline any member of the senior class. We respectfully disagree. We wish to emphasize the extreme narrowness of our holding. The problem arises in this case because the School allowed Appellant to sit for and complete his final examinations, thereby entitling him to a diploma under Section 1613 of the *68 School Code. This is not a situation where the School suspended the student pending dismissal, an option which existed and was open to the Board. In short, we hold only that a student may not be denied a high school diploma where he has successfully completed all the course-work required for graduation and is expelled after successful completion of his courses. This decision does not impact on a school's ability to discipline, merely upon its right to withhold the issuance of a diploma.
Accordingly, the order of the Court of Common Pleas of Cumberland County is reversed in part.

ORDER
NOW, January 26, 1988, the order of the Court of Common Pleas of Cumberland County, No. 1890 Civil 1985, dated May 2, 1986, is reversed insofar as it holds that the issue of whether the Board of Directors of the Cumberland Valley School District erred in refusing to issue David P. Shuman a diploma, was not within the scope of a local agency appeal. The Board of Directors of the Cumberland Valley School District is hereby ordered to issue a diploma to David P. Shuman within thirty (30) days of the entry of this order.
Judge MacPHAIL dissents.
NOTES
[1] This case was orally argued to a Panel of this Court on April 24, 1987, and pursuant to an order dated December 1, 1987, the case was ordered to be submitted on briefs to the Court en banc.
[2] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §16-1613.