Kristin **REAM**

v.

**CENTENNIAL SCHOOL DISTRICT,**
Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2000.
Decided Jan. 22, 2001.

Andria L. Borock, Huntingdon Valley, for appellant.

Jeffrey A. Bennett, Doylestown, for appellee.

Before DOYLE, President Judge, LEADBETTER, Judge and LEDERER, Senior Judge.

DOYLE, President Judge.

Centennial School District (District) appeals from an order of the Court of Common Pleas of Bucks County (Common Pleas) directing the District to issue a high school diploma to Kristin Ream. We affirm.

Ms. Ream was enrolled in the twelfth grade at William Tennent High School in the District. On May 19, 1999, the Warminster police swept the high school premises and grounds for drugs and, noticing part of a beer carton in Ms. Ream's car, summoned her to the area. After receiving her consent to search the vehicle, the police unearthed a ring box filled with some forty-five pills. Ms. Ream voluntarily identified the pills as "ecstasy," which she admitted obtaining in a Philadelphia club. She was then arrested and taken to the police station. At the time of her arrest, Ms. Ream was already on probation for possession of marijuana and underage drinking, and the District immediately suspended her from school.

An informal hearing was conducted on May 27, 1999, resulting in a recommendation that her suspension continue and that an expulsion hearing be held. While on suspension, awaiting her expulsion hearing, the school district continued to provide instruction under the auspices of a home tutoring program. Ms. Ream then completed her class work and took her final exams. The expulsion hearing was held on June 15, 1999.

At the expulsion hearing, Ms. Ream asserted that she had completed all of her course work, examinations and other requirements for graduation and should, therefore, be awarded a diploma. In addition, she testified that she had been accepted to, and planned to attend, Penn State University, and that her admission was contingent upon receipt of a high school diploma.

The District expelled Ms. Ream and voted to deny her a diploma, notifying her by letter dated June 23, 1999. Following her expulsion, Ms. Ream earned her Graduate Equivalency Degree and was subsequently admitted to Penn State University. She then appealed to Common Pleas, which determined that she had completed the prescribed coursework and ordered the District to issue her a diploma. This appeal by the Centennial School District ensued.[1]

In *Shuman v. Cumberland Valley School District Board of Directors,* 113 Pa.Cmwlth. 63, 536 A.2d 490, 492 (1988), *petition for allowance of appeal denied,* 527 Pa. 658, 593 A.2d 428 (1991), this Court held that a high school senior "may not be denied a high school diploma where [s]he has successfully completed all the course-work required for graduation and is expelled after successful completion of [her] courses." It is beyond peradventure that *Shuman* is controlling here. Ms. Ream completed her coursework and her final examinations while her disciplinary action was pending, as did David Shuman. Thus, the District was required under 24

---

1. Our standard of review of the District's adjudication, where a complete record is made, is limited to observing whether constitutional rights were violated or an error of law committed, and whether necessary findings of fact are supported by substantial evidence. *McKeesport Area School District Board of Directors v. Collins,* 55 Pa.Cmwlth. 548, 423 A.2d 1112 (1980).

P.S. § 16–1613 to award her a diploma.[2]

The District asserts that our ruling in *Shuman* was extremely narrow and limited to the facts of that case. It also contends that it is an error of law to interpret *Shuman* in a way that contradicts Section 510 of the School Code, 24 P.S. § 5–510, giving the District the power to promulgate rules and regulations, and Section 1318 of the School Code, 24 P.S. § 13–1318, giving the District the authority to suspend and/or expel students for disobedience. Accordingly, the District requests that this Court overrule *Shuman* on the grounds that it contradicts the above-referenced statutory sections. This we decline to do.

We observe that *Shuman* assuredly does not in any way limit a school district's right to promulgate rules and regulations governing the behavior of the students it oversees or to suspend or expel students as a disciplinary measure. Furthermore,

we feel compelled to point out that it is not really *Shuman* that limits the District's authority to withhold the diploma, it is the Pennsylvania General Assembly, which decreed that a student who completes "the prescribed course of instruction in high school" is entitled to that diploma.[3]

Accordingly, we affirm the order of the Court of Common Pleas of Bucks County.

### O R D E R

**NOW,** January 22, 2001, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

---

**2.** Section 1613 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 16–1613, provides that a "board of school directors, joint board or joint school committee operating any high school **shall** issue a certificate to each pupil **satisfactorily completing the prescribed course of instruction** in the high school." (Emphasis added.)

**3.** We are cognizant that the District has other options, as noted during oral argument, that would, for example, permit the District to offer home tutoring to suspended students

*without* administering final exams until there is an outcome of the expulsion hearing. In that way, a student who is exonerated may still receive a timely diploma, while the diploma may be denied to those who are not exonerated, if the District is so inclined. It was the *District* that chose, in this instance, to proceed with the student's education and permitted the student to sit for her final examinations. Once having permitted that to occur, Section 1613 of the School Code mandates that the District issue a certificate.