## Silva Liquor License Case.

Submitted June 11, 1970; argued December 7, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas J. Shannon,* Assistant Attorney General, with him *Fred Speaker,* Attorney General, for Liquor Control Board, appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., March 23, 1971:

This appeal is from an order of Court of Common Pleas of Northampton County, which sustained the licensee's appeal and set aside the fine imposed by the Liquor Control Board.

On March 19, 1968, the Pennsylvania Liquor Control Board (hereinafter referred to as Board) ordered a citation against Regina Silva, a restaurant liquor licensee (hereinafter referred to as licensee) alleging that the licensee maintained gambling devices and permitted gambling on the premises on or about January 25, 26, 29 and February 1, 1968.

On June 5, 1968, notice of the said citation was sent to the licensee calling for a hearing before an

Examiner of the Board on July 10, 1968. On July 8, 1968, the licensee was given notice by the Board that the hearing scheduled for July 10 was continued. At this time no new date for hearing was scheduled.

On October 28, 1968, the Board sent notice to the licensee setting November 16, 1968, as the time for hearing, at which time a hearing was in fact held, resulting in an Order by the Board on January 9, 1969, imposing a fine of $400 on the licensee.

On January 27, 1969, an appeal from the said order was taken before the Court of Common Pleas of Northampton County and on September 22, 1969, counsel for the licensee and for the Board appeared before the said Court and presented a stipulation in which it was admitted by the licensee that the only question to be resolved by the Court was the question of the validity of the Board hearings.

The pertinent portion of the Liquor Code is 1951, April 12, P. L. 90, Art. IV, §471, as amended, 47 P.S. §4-471 and states in part as follows: "Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, of any violation of any laws of this Commonwealth or of the United States of America relating to the tax-payment of liquor or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, or upon any other sufficient cause shown, the board may within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner, not less than ten nor more than sixty days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked or a fine imposed. Hearings on such cita-

tions shall be held in the same manner as provided herein for hearings on applications for license."

This Court has held in *Elfman Point Bar Liquor License Case*, 212 Pa. Superior Ct. 164, 240 A. 2d 395 (1968), and *Greenspan Liquor License Case*, 213 Pa. Superior Ct. 29, 246 A. 2d 433 (1968); that the notice to the licensee of a possible citation within 10 (ten) days of the completion of the investigation and in no event later than 90 (ninety) days from the time of the violation, was mandatory under the 1966 Amendment.

This gives the licensee due and timely notice of any threat against his license, and also an opportunity to prepare his defense and insure availability of witnesses and their testimony. The limitation of one year from the date of the offense for the issuance of a citation is also mandatory.

The time for a hearing before an examiner as set forth above, however, is merely directory in nature and not mandatory as held by the court below. The board, if a continuance of a hearing is necessary for any reason, has no forum, which would have jurisdiction at that stage of the proceedings, to petition for an allowance. There would, therefore, be no certainty in a decision rendered by the board on a hearing held more than 60 (sixty) days after issuance of the citation, regardless of the reason for the delay. A separate hearing on this collateral issue would be required on appeal to the Court of Common Pleas before the Court could proceed on the merits of the case.

In the instant case, the licensee made no objection to the continuance and was in no way adversely affected thereby. The matter was completed before the board in less than one year from the date of the violation so there was no undue delay in the proceedings.

Order of the court below reversed and the order of the Liquor Control Board reinstated.