June E. Faber and Faye R. Brensinger, t/a Fay-Bers, Appellants, v. Commonwealth of Pennsylvania Liquor Control Board, Appellee.

Argued June 5, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*George G. Lindsay,* with him *Bashore and Lindsay,*
for appellants.

*Alexander J. Jaffurs,* Assistant Attorney General,
with him *Albert B. Miller,* Special Assistant Attorney
General, and *Israel Packel,* Attorney General, for ap-
pellee.

OPINION BY JUDGE BLATT, August 15, 1973:

On September 22, 1969, the Pennsylvania Liquor Control Board (Board) issued a citation against June E. Faber and Faye R. Brensinger, trading as Fay-Bers (licensees), in which the following violations of the Liquor Code[1] were alleged:

"1. Your licensed establishment has been operated as a house of prostitution and assignation, on or about May 5, 1969, and on divers other occasions within the past year.

"2. You, your servants, agents or employes permitted upon the licensed premises solicitation of patrons for immoral purposes, on or about May 5, 1969, and on divers other occasions within the past year."

A hearing was scheduled on the citation for February 11, 1970, but, soon after the issuance of the citation, the Board on its own initiative continued the matter indefinitely. The stated reason for the continuance was that the Pennsylvania State Police, who had initiated criminal proceedings against the licensees in connection with the averments in the citation, do not permit their officers to testify in Board cases until they have completed their testimony in related criminal cases. No further action was taken by the Board until January 6, 1971, at which time a hearing on the citation was set for February 3, 1971. The licensees did not attend this hearing, and the Board subsequently issued an order sustaining the averments of the citation and directing the revocation of the licensees' liquor license.

The licensees thereafter appealed to the Court of Common Pleas of Schuylkill County, where a hearing de novo was held. That court dismissed the appeal and

---

[1] Act of April 12, 1951, P. L. 90, as amended, 47 P.S. §1-101 et seq.

sustained the action of the Board. On appeal to this Court, the licensees have raised two issues, (1) the propriety of the year-long continuance by the Board and (2) the sufficiency of the allegations contained in the Board's citation.

Section 471 of the Liquor Code, 47 P.S. §4-471, provides, *inter alia*: "Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws . . . the board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner, not less than ten nor more than sixty days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked or a fine imposed."

The licensees urge that the failure of the Board to hold a hearing within sixty days of the issuance of the citation (even the original hearing was scheduled for a date more than sixty days after the citation was issued) is a violation of Section 471 and of the licensees' right to due process. This same issue was considered by our Superior Court in *Silva Liquor License Case*, 219 Pa. Superior Ct. 31, 275 A. 2d 871 (1971). The Court therein held that the issuance of the citation within one year from the date of the offense was mandatory, but that the time for the hearing was directory. That Court further held that the licensee in that case had not objected to the continuance, was in no way adversely affected thereby and that, inasmuch as the matter was completed less than one year from the date of the violation, there was no undue delay. We find no error in the *Silva* decision, and the facts herein are very similar. The citation here was issued within one year of the alleged violation, the hearing thereon was thereafter continued without any

objection on the part of the licensees, and there has been no allegation that the licensees were in any way adversely affected by the delay. This case differs from *Silva, supra,* however, in that the hearing was not held until one year and nine months after the alleged violation. While such a delay should certainly not be excused, however, it seems not so unduly long that it would justify vacating the Board's order. On this issue, therefore, we hold that the action of the Board in continuing the hearing until February 3, 1971, was not improper.

As to the sufficiency of the allegations contained in the citation, this is the first forum in which this issue has been raised, and we would not be required, therefore, to consider it.[2] We will note, however, that the licensees cite our recent opinion in *Liquor Control Board v. Camiel's Beverage Co.,* 7 Pa. Commonwealth Ct. 654, 300 A. 2d 834 (1973), to support their position, and we think it appropriate to distinguish these two cases. Our decision in *Camiel, supra,* was to the effect that a lower court is entitled to require the Board to be more specific in the charges in its citation before the lower court proceeds with a de novo hearing. The lower court here, however, apparently saw no necessity on its own to remand for more specific charges, and, of course, it was never actually presented with the issue by the parties. In fact, the citation in this case seems to have been clearly sufficient to alert the licensees as to the charges against them and to permit them to prepare a defense. As a matter of fact, criminal charges were even brought against the licensees for the same actions listed in the citation. "If a licensee or his employee is arrested and charged with activities violative

---

[2] *See Sojtori v. Zoning Hearing Board,* 6 Pa. Commonwealth Ct. 552, 296 A. 2d 532 (1972), and cases cited therein.

of our criminal laws which are also violative of the Liquor Code, he has received the essence of the notice that the Liquor Code requires." *Greenspan Liquor License Case,* 438 Pa. 129, 132, 264 A. 2d 690, 691 (1970). The notice here received by the licensee was, therefore, clearly sufficient.

For the above reasons, therefore, we affirm the order of the court below.