520 A.2d 943

Richard G. Paolino, D.O. and Elaine M. Paolino, h/w, Appellants *v.* City of Philadelphia and East Torresdale Civic Association, Appellees. Horace A. Stern, Esquire, Trustee, Additional Appellant.

Argued December 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Jan Z. Krasnowiecki,* with him, *Richard J. Squadron* and *Charles Auspitz, Pepper, Hamilton & Scheetz,* for appellant/trustee.

*Flora Barth Wolf,* Chief Assistant City Solicitor, with her, *Handsel B. Minyard,* City Solicitor, for appellee, City of Philadelphia.

OPINION BY JUDGE DOYLE, February 5, 1987:

Horace A. Stern (Trustee), as trustee of the Chapter 11 bankrupt estates of Dr. Richard G. Paolino and Elaine M. Paolino (Debtors), appeals from that part of a contempt order of the Court of Common Pleas of Philadelphia assessing a fine of $5,000 against the Debtors for failure to comply with a previous court order to cease and desist violating various zoning ordinances of the City of Philadelphia (City).[1] We affirm.

On August 9, 1984 the City sought to enjoin the Debtors from conducting a medical practice on certain premises in violation of the City's zoning code. On July 24, 1985 such an injunction was issued. Before the injunction was issued, however, their creditors, on May 24, 1985, petitioned the United States Bankruptcy Court of the Eastern District of Pennsylvania (Bankruptcy Court), to place the Debtors in bankruptcy under Chapter 11 of the United States Bankruptcy Code (Bankruptcy Code). On November 15, 1985, after finding that the Debtors failed to comply with the earlier cease-and-desist order, the court of common pleas ordered the Debtors' premises padlocked and fined the Debtors $5,000 for failure to obey the court order.[2] On

---

[1] The November 15, 1985, contempt order of the common pleas court also ordered the padlocking of the premises at which the Debtors conducted a medical practice. Neither the Debtors nor the Trustee contest the finding of contempt or the padlocking of the premises.

[2] The pertinent text of the contempt order of the court of common pleas reads as follows:

> AND NOW, this 15 day of Nov., 1985, after hearing and determination that defendants, Richard G. Paolino, D.O. and Elaine M. Paolino, continue in contempt of this

November 21, 1985 the Bankruptcy Court appointed the Trustee on motion of the Debtor's creditors.[3] On November 22, 1985 the Debtors voluntarily paid the fine to the City with a cashier's check and on that same day they filed their appeal with this Court. The Debtors, however, have not individually continued in this appeal. Instead, the Trustees sought leave of this Court to be substituted or added as a party-appellant pursuant to Pa. R.A.P. 502, and on May 5, 1986 this Court granted the Trustee's application and the Trustee was substituted as a party.[4]

---

Court's Orders of July 24, 1985 and October 29, 1985, requiring them to cease and desist the practice of medicine at 9900 and 9902 Lorry Place, it is hereby ORDERED and DECREED that:

1. The Sheriff of Philadelphia County shall forthwith padlock all doors prohibiting any access to the premises, except to the top floor apartment.

. . . .

7. A fine of Five Thousand Dollars ($5,000.00) is hereby entered as a judgment of this Court for plaintiff and against defendants and shall be paid by defendants without further Order of the Court.

[3] There is some confusion in the record as to exactly when the Trustee was appointed in this case. In their briefs, both the Trustee and the City state that the Trustee was appointed by the Bankruptcy Court on November 21, 1985, and the record discloses a signed order appointing the Trustee as "interim trustee" of the bankruptcy estate on that date. However, in the Trustee's application for party status to this Court, the Trustee averred that he was appointed "trustee" by the Bankruptcy Court on November 11, 1985, and the record contains a certification of appointment to that effect. Since the date of the Trustee's appointment is not germane to the instant appeal, however, we need not consider the matter further.

[4] The Trustee styled his Rule 502 petition to this Court as one for addition or substitution. In our order of May 5, 1986, we granted the petition and "added" the Trustee as an appellant. We note, however, that Pa. R.A.P. 502 speaks only of the substitution of a party, not the addition of a party, and that technically the Trustee should have been substituted as an appellant. This is a technicality which has no effect on the outcome of this case.

Essentially, the Trustee argues that the imposition and collection of a fine for zoning violations from someone in bankruptcy violates the automatic-stay provisions of Section 362 of the Bankruptcy Code, 11 U.S.C. §362 (1984). We do not reach the merits of this argument, however, for we hold that by voluntarily paying the fine, the Debtors, and by extension the Trustee, waived the right to appeal the contempt order.

Voluntary payment of a fine by a contemnor ordinarily precludes him from subsequently appealing the underlying contempt order. *Phoenix Glass Co. v. Local Union No. 8381, United Steel Workers,* 244 Pa. Superior Ct. 16, 366 A.2d 293 (1976); *Reap's Appeal,* 88 Pa. Superior Ct. 147 (1926); *see also Altemose Construction Co. v. Building and Construction Trades Council,* 449 Pa. 194, 296 A.2d 504 (1972) (plurality opinion, but six participating justices agreed on contempt issue), *cert. denied,* 411 U.S. 932 (1973). Absent allegations of want of jurisdiction or serious procedural irregularities coupled with allegations of duress, the matter is moot and not subject to appellate review. *Altemose Construction.* Here, voluntary payment of the fine by the Debtors foreclosed their right to appeal the contempt order, since the court of common pleas clearly was possessed of proper jurisdiction in this matter and no procedural defects or unlawful duress have been alleged.

Because the Debtors have waived their right to appeal, the Trustee likewise has lost the right to appeal. Although to our knowledge no court of this Commonwealth has addressed this precise issue, we are of the opinion that when a party-appellant is substituted pursuant to Pa. R.A.P. 502, such party-appellant must take the case as he finds it. The substituted party-appellant can enjoy no greater rights than the original appellant. Accordingly, since the appeal of the contempt order in question here is moot as to the Debtors,

it is also moot as to the Trustee, and we are unable to consider the merits of the Trustee's claim.

Affirmed.

### ORDER

NOW, February 5, 1987, that portion of the order of the Court of Common Pleas of Philadelphia County, No. 1473 August Term, 1984 dated November 15, 1985 imposing a $5,000 fine is affirmed.