543 A.2d 207

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Civic Arena Corporation, Appellee.

Argued March 23, 1988, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, with him, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Steven A. Stepanian, II,* for appellee.

OPINION BY JUDGE DOYLE, June 10, 1988:

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Allegheny County which reversed a Board order imposing a $750 fine upon Civic Arena Corporation (Civic) for selling beer to minors. We reverse and remand.

The Board issued its citation to Civic on May 28, 1986. A hearing on the alleged violation was held on September 22, 1986, some 117 days later. On January 30, 1987, the Board found Civic guilty and fined it $750.

Civic appealed to the court of common pleas which, after a *de novo* hearing, dismissed the citation because the Board had failed to schedule a hearing within sixty days of the issuance of the citation pursuant to Section 471 of the Liquor Code.[1] This appeal follows.[2]

The starting point of our analysis is Section 471, which provides in relevant part:

> [T]he *board may*, withing one year from the date of such violation or cause appearing, *cite such licensee to appear before it or its examiner, not less that ten nor more than sixty days* from the date of sending such licensee . . . a notice . . . to show cause why such license should not be suspended or revoked or a fine imposed.

47 P.S. §4-471 (emphasis added). The Board contends that Section 471's requirement that a hearing be held within sixty days of the issuance of a citation is merely directory, while Civic argues, and the trial court agreed, that the emphasized language is mandatory.

The Superior Court considered this very same issue in *Silva Liquor License Case,* 219 Pa. Superior Ct. 31, 275 A.2d 871 (1971). In *Silva* the licensee was cited on June 5, 1968 and a hearing scheduled for July 10, 1968. On July 8, 1968, the Board *sua sponte* continued the

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471.

[2] Our scope of review in a liquor license violation case is limited to determining whether the trial court committed a manifest abuse of discretion or an error of law, and whether the trial court's factual findings are supported by substantial evidence. *Pennsylvania Liquor Control Board v. Palumbo,* 99 Pa. Commonwealth Ct. 73, 512 A.2d 108 (1986).

case indefinitely, and a new hearing was not held until November 16, 1968. The court in *Silva* held the sixty day requirement to be merely directory reasoning as follows:

> The time for a hearing before an examiner as set forth above, however, is merely directory in nature and not mandatory as held by the court below. The board, if a continuance of a hearing is necessary for any reason, has no forum, which would have jurisdiction at that stage of the proceedings, to petition for an allowance. There would, therefore, be no certainty in a decision rendered by the board on a hearing held more than 60 (sixty) days after issuance of the citation, regardless of the reason for the delay.

*Id.* at 34, 275 A.2d at 872. We adopted *Silva's* holding and rationale in *Faber v. Pennsylvania Liquor Control Board*, 9 Pa. Commonwealth Ct. 549, 309 A.2d 65 (1973). *Faber* is even more on point since the Board issued its citation there on September 22, 1969, and scheduled a hearing for February 11, 1970. We reaffirm today the continuing vitality of the holdings in *Silva* and *Faber* that Section 471's requirement that a hearing be held within sixty days of the Board's issuance of a citation is merely directory.

Civic argues that *Silva* is distinguishable as the hearing in that case was scheduled within the sixty day period, but continued without objection by the licensee to a date beyond that period.[3] Civic's argument is that the licensees in *Silva* and *Faber* waived the protection of the sixty day time limitation by consenting to the con-

---

[3] Civic also asserts that in *Faber v. Pennsylvania Liquor Control Board*, 9 Pa. Commonwealth Ct. 549, 309 A.2d 65 (1973), the hearing was scheduled within the sixty day period, but continued to a date after that period. As pointed out previously in this opinion, this is factually incorrect.

tinuance. The court in *Silva* noted, however, that if the sixty day period were held to be mandatory, the Board would have no authority to hold a hearing after that time, whether the licensee had consented to the continuance or not. *See also American Labor Party Case,* 352 Pa. 576, 44 A.2d 48 (1945); *West Penn Power Co. v. Pennsylvania Public Utility Commission,* 104 Pa. Commonwealth Ct. 21, 521 A.2d 75 (1987).

Civic also suggests that it is somewhat incongruous to hold that while some of the time limitations contained in Section 471 are mandatory, others are merely directory. It points to appellate court caselaw purportedly holding that the Board must cite the licensee within one year of the date of violation, that the Board's investigations must not last longer than ninety days, and that the licensee must be notified of a possible citation within ten days of the completion of the Board's investigation. Whether or not Civic's assessment of the mandatory time limitations contained in Section 471 is correct, we note that the time limits contained in Section 471 applying to the Board *as an adjudicatory body* have generally been held to be *directory. Pennsylvania Liquor Control Board v. S & B Restaurants, Inc.,* 112 Pa. Commonwealth Ct. 382, 535 A.2d 709 (1988); *Silva.* Our holding today comports with the general rule that where the legislature directs that an adjudicatory body, such as the Pennsylvania Liquor Control Board, hold a hearing within a certain time, such time constraint is directory. *Moore Nomination Petition,* 447 Pa. 526, 291 A.2d 531 (1972); *West Penn Power.* This is true even where the time constraint is phrased in mandatory language: *Id.*

Given our ruling, we are constrained to reverse the order of the trial court, and remand this case to that court for a determination on the merits. The trial court

shall make findings of fact and conclusions of law from the record. No additional evidence shall be taken.[4]

ORDER

NOW, June 10, 1988, the order of the Court of Common Pleas of Allegheny County is reversed and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[4] The only time a trial court may reverse a Board finding of a Liquor Code violation due to the Board's failure to comply with the *directory* time limitations contained in Section 471 is if the licensee can demonstrate prejudice attributable to the Board's delay. *See Pennsylvania Liquor Control Board v. S & B Restaurants, Inc.,* 112 Pa. Commonwealth Ct. 382, 535 A.2d 709 (1988). Civic requested at oral argument that should we reverse the trial court's decision, it should be allowed to present evidence to the trial court to show prejudice due to the Board's inaction. There was no allegation by Civic at the *de novo* hearing, however, that it was prejudiced by the delay. Consequently, the taking of evidence on this issue is inappropriate. *Faber.*