542 A.2d 229

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Joseph D. Dentici and Marcus A. Dentici, Appellees.

Argued March 23, 1988, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, with him, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Richard S. Graff,* for appellees.

OPINION BY JUDGE DOYLE, June 10, 1988:

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of

Armstrong County which reversed an order of the Board suspending for ten days the liquor license held by Joseph and Marcus Dentici (Appellees). We reverse and remand.

Appellees operate Babe's Bar in Kittanning, Pennsylvania. On August 8, 1984, the Board issued a citation which charged Appellees with having sold liquor to minors. On the scheduled hearing date, December 10, 1984, which was 124 days after the issuance of the citation, Appellees waived their right to a hearing before the Board and admitted all charges. As a result of this admission, the Board suspended Appellees' license for ten days.

Appellees appealed to the court of common pleas. At the close of the *de novo* hearing, the trial judge granted Appellees' motion to dismiss the case on the basis that under Section 471 of the Liquor Code[1] the Board was required to hold a hearing within sixty days of the issuance of a citation. This appeal followed.[2]

The first question presented by this case is whether the common pleas court erred in addressing a moot case. Under the mootness doctrine a case may be dis-

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471. Section 471 provides in pertinent part:

> [T]he board may, within one year from the date of such violation or cause appearing, *cite such licensee to appear before it or its examiner, not less than ten days nor more than sixty days* from the date of sending such licensee, , . . a notice . . . to show cause why such licensee should be suspended or revoked or a fine imposed. (Emphasis added.)

[2] Our scope of review in a liquor license violation case is limited to determining whether the trial court abused its discretion or committed an error of law, and whether the trial court's factual findings are supported by substantial evidence. *Pennsylvania Liquor Control Board v. Palumbo,* 99 Pa. Commonwealth Ct. 73, 512 A.2d 108 (1986).

missed for mootness at any time by a court, because generally, an actual case or controversy must exist at all stages of the judicial or administrative process. *Janet D. v. Carros*, 240 Pa. Superior Ct. 291, 362 A.2d 1060 (1976). The only time a court will decide a moot case is when the question presented to the court is of great public importance or when the question is one capable of repetition yet evading review or when one party to a controversy will suffer or continue to suffer some detriment without the court's decision. *Commonwealth v. Smith*, 336 Pa. Superior Ct. 636, 486 A.2d 445 (1984). It has been held that where a contemnor has admitted his wrongdoing, the case is moot and the contemnor's right to appeal is waived. *Paolino v. City of Philadelphia*, 103 Pa. Commonwealth Ct. 525, 520 A.2d 943 (1987); *Reap's Appeal,* 88 Pa. Superior Ct. 147 (1926).

In this case, Appellees' admission of the charge constituted a waiver of their right to appeal the substance of the violations. This is because the effect of a guilty plea or its civil equivalent waives all nonjurisdictional defenses. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974). This is not to say that the Appellees would necessarily waive all other appeal rights following an admission to the Board's charges, since they would not be precluded from raising questions ancillary to the Liquor Code violation, but not mooted by an admission to the charge. *Cf. Shuman v. Cumberland Valley School District Board of Directors*, 113 Pa. Commonwealth Ct. 63, 536 A.2d 490 (1988); *Lehotzky v. State Civil Service Commission*, 82 Pa. Commonwealth Ct. 612, 477 A.2d 13 (1984). Appellees' admission here, however, was not conditional in any way; they preserved no affirmative defenses for appeal.

The case is, therefore, moot and normally in this situation the trial court's order would be reversed and the Board's order reinstated. At oral argument, however, Board counsel candidly admitted that the Board had

told licensees in the past that they *could* admit all charges and then appeal and present any defenses they might have to the citations to the common pleas court. Since Appellees and others may have been lulled by the Board into waiving their appeal rights, we will allow this appeal to proceed on the merits. Likewise, any case now pending before a court of common pleas in which such lulling by the Board took place should also be heard on the merits.

Turning to the substantive question at hand, the issue is whether Section 471's requirement that a hearing be held within sixty days of the issuance of a citation is mandatory or merely directory. The answer is controlled by our decision in *Pennsylvania Liquor Control Board v. Civic Arena Corporation,* 117 Pa. Commonwealth Ct. 75, 543 A.2d 207 (1988). In *Civic Arena Corp.* we reaffirmed the holdings of *Pennsyvlania Liquor Control Board v. Silva,* 219 Pa. Superior Ct. 31, 275 A.2d 871 (1971) and *Faber v. Pennsylvania Liquor Control Board,* 9 Pa. Commonwealth Ct. 549, 309 A.2d 65 (1973) that the sixty day time limit was merely directory. All the arguments raised here in support of the mandatory interpretation of the language of Section 471's sixty day hearing provision were raised and rejected in *Civic Arena Corp.*

Consequently, the order of the trial court is reversed and the case is remanded to the trial court to make findings of fact and conclusions of law from the record. No additional evidence shall be taken.

### ORDER

Now, June 10, 1988, the order of the Court of Common Pleas of Armstrong County in the above-captioned matter is reversed and the case remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.