RUFE, J.,
This opinion is written pursuant to the issuance of an order from the Commonwealth Court of Pennsylvania dated July 10, 1990, directing the filing of an opinion in support of the court’s order dated June 13, 1990. The latter order was entered in favor of the Pennsylvania State Police, Bureau of Liquor Control Enforcement finding defendant, General Davis Inc., in violation of section 493(1) of the Liquor Code and imposing a fine of $1,000. The relevant facts are as follows.
On February 26, 1988, Enforcement Officers James Farano and William Koerner entered the licensed premises of General Davis Inc. while on a routine minor patrol. While in the premises, the officers observed two patrons who appeared to be youthful. Farano and Koerner walked over to the patrons, identified themselves and requested identi *428 fication from the patrons. The two patrons were identified as Jennifer Rouse and Danielle Gordon, both of whom were 19 years of age. The officers observed both patrons in possession of bottles of beer. Neither of the girls purchased the beer. They testified that they received it inside the establishment from friends.
The licensee did not maintain a declaration of age card file, but it did employ doormen. Licensee’s employees testified that on the night in question the premises was very crowded. Officer Farano observed five patrons enter the premises without being asked for identification.
Licensee was cited for furnishing liquor to minors pursuant to section 493 of the Pennsylvania Liquor Code. 47 P.S. §4-493(1) (1987). A hearing was held on this matter on August 15, 1989 before Administrative Law Judge Tania Wright, who imposed a $1,000 fine, the minimum allowable citation under this section. On December 11, 1989, licensee filed an appeal to the Pennsylvania Liquor Control Board. The board affirmed the decision by opinion dated February 15, 1990. Licensee appealed to the Court of Common Pleas of Bucks County. Counsel agreed that in lieu of a de novo hearing the matter would proceed pursuant to briefs. This court affirms the decisions of the administrative law judge and the board.
Licensee sets forth two arguments: the hearing for suspension was not timely because the hearing notice itself was not issued in a timely fashion pursuant to section 471 of the Liquor Code; and that the testimony at the hearing was insufficient to prove that licensee furnished alcoholic beverages to the minors. We address these issues seriatim.
With regard to the first argument, the licensee asserts that notice of the hearing was not sent in a *429 timely fashion. Licensee contends that since the violation occurred on February 26, 1988, but the notice of hearing was not sent by the administrative law judge until July 12, 1989, the bureau was in violation of the code. Section 471 states that a notice to appear before the administrative law judge to show cause why a fine should not be imposed may be sent “within one year from the date of such violation or cause appearing . . ..”
The time constraints in the Liquor Code have been interpreted by Pennsylvania Courts to be directory, as opposed to mandatory. See Pennsylvania Liquor Control Board v. Civic Arena Corp., 117 Pa. Commw. 75, 77, 543 A.2d 207, 208-9 (1988), appeal granted, 558 A.2d 533 (1989); Pennsylvania Liquor Control Board v. Silva, 219 Pa. Super. 31, 34, 275 A.2d 871, 872 (1971). This court interprets these holdings as allowing for flexibility in the issuance of notices of hearing under the Liquor Code. We hold that such language is directory and does not become mandatory except in situations where delay would prejudice a licensee.
The licensee in this case has not alleged any prejudice to itself as a result of the fact that notice was not sent until July 12, 1989. The licensee was able to utilize all of its witnesses. Every witness was able to recall the events which occurred on the evening in question. In the words of the Commonwealth Court of Pennsylvania, “Due process violations are triggered by prejudice and we find none to the licensee in the present case.” Pennsylvania Liquor Control Board v. S&B Restaurants Inc., 112 Pa. Commw. 382, 386, 535 A.2d 709, 711 (1988). Although a two-year delay between a Liquor Code violation hearing and the adjudication thereof in which key witnesses were gone from the area and would not be available for appeal may result in *430 prejudice, In re Jerry Bonner’s Inc., 34 D.&C. 3d 347, 350 (1985), an eight-month delay without any showing of detriment has been held to be nonprejudicial. S&B Restaurants Inc., 112 Pa. Commw. at 387, 535 A.2d at 712. Accordingly we hold that a delay of a year and four months between the date of violation and the date of hearing notice, in and of itself, is not prejudicial.
Licensee’s second argument is that the evidence before the administrative law judge was not sufficient to satisfy the burden of proof that the licensee furnished alcohol to the minors on the night in question. The bureau has the burden of proving by a fair preponderance of the evidence that the defendant has committed a Liquor Code violation. Appeal of Speranza, 416 Pa. 348, 351, 206 A.2d 292, 294 (1965). In support of its argument that the bureau has not met this burden, licensee contends that no evidence suggests the beverages were furnished on its premises, and that there is insufficient evidence that the beverages were alcoholic. We find both of these arguments meritless.
Officers Farano and Koerner testified that they observed the two patrons on the licensed premises in possession of what appeared to be bottles of beer. The patrons’ testimony that they received the beer from friends on the premises also supports the contention that they were furnished by the licensee, albeit indirectly. Moreover, the licensee’s doormen failed to card the two minors upon their entry because the sign on the door of the premises states that no one under 21 years of age will be admitted. This leads to the inescapable conclusion that the beverages were furnished to the minors in question on the premises.
With regard to the licensee’s argument that the beverages were not known to be of alcoholic con *431 tent, this too must fail. Despite licensee’s arguments to the contrary, chemical analysis is not required in order to prove that the beverages were alcoholic. Although such a study may in some instances be helpful, it is not required where other ample evidence exists. Several case law interpretations have indicated that chemical analysis is not necessary to prove that intoxicating beverages were furnished in violation of the Liquor Code so long as the Bureau otherwise sustains its burden of proof. See Slovak-American Citizens Club v. Pennsylvania Liquor Control Board, 120 Pa. Commw. 528, 536, 549 A.2d 251, 255 (1988) (officer’s testimony that the drink he was served tasted like vodka was sufficient to show that club served alcoholic beverage to a non-member); Pennsylvania Liquor Control Board v. K.V.M. Inc., 119 Pa. Commw. 458, 461, 547 A.2d 517, 519 (1988) (officer’s testimony that minor drank from a tumbler containing, in his opinion, alcohol, and admissions by a minor that she drank a “Mountain Cooler,” were adequate to show that establishment furnished alcohol to a minor); Appeal of Charunser Bar Corp., 68 Pa. Commw. 382, 384, 449 A.2d 106, 107 (1982) (minors’ testimony that they were served beer, daiquiris and Kahlua and cream were sufficient).
In the case at hand the officers testified that the minors were in possession of what appeared to be bottles of beer. Although they did not recall the brand names of the beer nor did they testify as to an odor of alcohol, the minors’ testimony was based on the assumption that the beverages were alcoholic and they did not dispute it.
Therefore, the evidence shows that the beverages were indeed alcoholic and that they were furnished to the minors on the premises. We find no merit in the licensee’s second contention.