595 A.2d 710

**GENERAL DAVIS, INC., Appellant,**

**v.**

**PENNSYLVANIA STATE POLICE BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted June 10, 1991.

Decided July 16, 1991.

Charles T. McIlhinney, Doylestown, for appellant.

Sarah Slesinger Smith, Harrisburg, for appellee.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

General Davis, Inc., the licensee, appeals from an order of the Court of Common Pleas of Bucks County which denied the licensee's appeal from an order of an administrative law judge which fined the licensee $1,000.00 because it had violated Section 493(1) of the Liquor Code, Act of April 12,

1951, P.L. 90, *as amended*, 47 P.S. § 4-493(1), (selling, furnishing and/or giving or permitting such sale, furnishing or giving of liquor or malt or brewed beverages to minors).

On February 26, 1988, agents of the Liquor Control Board (LCB) were conducting an investigation of the licensee's premises. While there, they noticed two youthful looking patrons holding bottles of beer. When the agents questioned the patrons after identifying themselves, they determined that the patrons were nineteen years old. The LCB issued a citation to the licensee on August 19, 1988. That citation informed the licensee that a hearing would be scheduled by the Office of Administrative Law Judge. On July 12, 1989, the licensee was sent a notice of a citation hearing. The hearing was held on August 15, 1989. Thereafter, the ALJ issued findings of fact and conclusions of law wherein she decided that the licensee had violated Section 493(1) of the Liquor Code. She fined the licensee $1,000.00. The licensee appealed to the Court of Common Pleas of Bucks County. That court decided the matter on the basis of the record made before the ALJ and decided that no error of law had been committed and that all factual findings were supported by substantial evidence. This appeal followed. As we believe the common pleas court was correct, we affirm.

■ The licensee first argues that the LCB failed to comply with Section 471 of the Liquor Code, which provides in pertinent part:

> Upon learning of any violation of this act or any laws of the Commonwealth relating to liquor, alcohol or malt or brewed beverages.... the enforcement bureau may, within one year from the date of such violation or cause appearing, cite such licensee to appear before an administrative law judge, not less than ten nor more than sixty days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked or a fine imposed, or both.

47 P.S. § 4–471(a) (Supp.1990–91). The licensee interprets this section to require the violation hearing to be held within one year of the violation. The LCB, on the other hand, argues that the requirements of Section 471(a) have been met because (1) the LCB's citation was sent within one year of the violation and (2) the hearing was held not less than ten nor more than sixty days after the ALJ sent the licensee a notice of the date set for the violation hearing. While the licensee, in effect, argues that Section 471(a) calls for only one notice which must contain all of the necessary information, the LCB argues that it allows a citation to be issued by the LCB and a citation hearing notice to be issued by the ALJ.

We believe the language of Section 471(a), which is admittedly less than precise, could be interpreted in either of these two ways. We believe, however, that the position of the LCB is more reasonable. With the enactment of Section 14 of the Act of June 29, 1987, P.L. 32, 47 P.S. § 2–211 and § 2–212 (Supp.1990–91), the Legislature split the enforcement and adjudicatory functions in this area. While the LCB maintained its enforcement powers and the power to issue citations, 47 P.S. § 2–211(a)(4), the adjudicatory powers were given to "an autonomous office to be known as the Office of Administrative Law Judge". 47 P.S. § 2–212(a). Those ALJs "shall preside at all citation and other enforcement hearings required or permitted under this act". 47 P.S. § 2–212(c). We find compelling the LCB's arguments that (1) presiding over hearings includes the power to schedule, and (2) an adjudicatory body whose hearings are scheduled by the enforcement arm would not be truly autonomous. Furthermore, in *Pennsylvania Liquor Control Board v. Civic Arena Corp.*, 117 Pa.Commonwealth Ct. 75, 543 A.2d 207 (1988)[1], we held that under the Liquor

---

**1.** The Supreme Court granted the licensee's petition for allowance of appeal, 521 Pa. 631, 558 A.2d 533 (1989). Before that case was argued before the Supreme Court, the LCB withdrew the underlying citation and the appeal was dismissed. The record does not disclose this disposition of the case which is alleged by the LCB in its brief, but

Code in effect prior to the enactment of the Act of June 29, 1987, the use of the term "may" indicated a legislative intent that ten to sixty day provision was directory rather than mandatory. Given that *Civic Arena Corp.* was governed by the procedures in effect before the enforcement and adjudicatory powers were separated, we believe that decision is even more apt now that the Liquor Code has been amended as mentioned above.

The licensee also argues that citation issued by the LCB was defective in that it charged the licensee with permitting the furnishing of *alcoholic beverages* to minors. According to this argument, "alcoholic beverages" includes only liquor and not beer. This specious argument requires no response.

■■■■ The licensee next argues that the LCB failed to prove that the two minor patrons consumed any beer. While this is true, mere possession of a prohibited substance by a minor is a violation of Section 493(1). *Pennsylvania Liquor Control Board v. Abraham*, 88 Pa.Commonwealth Ct. 244, 489 A.2d 306 (1988). Finally, the licensee asserts that the testimony of the agents was insufficient to prove that the beer bottles which the agents said the minor patrons were holding contained beer. The licensee points to the fact that the agents never identified the brand name of the beer. This would affect only the weight but not the competency of the agents' testimony. Furthermore, the Superior Court held more than a quarter of a century ago that chemical analysis is not required under the Liquor Code. *In re Steerman's Liquor License*, 185 Pa.Superior Ct. 214, 138 A.2d 292 (1958). This Court has cited that case with approval. *Pennsylvania Liquor Control Board v. K.V.M., Inc.*, 119 Pa.Commonwealth Ct. 458, 547 A.2d 517 (1988); *Bresch v. Pennsylvania Liquor Control Board*, 42 Pa.Commonwealth Ct. 192, 401 A.2d 381 (1979). Finally, both of the minor patrons admitted before the ALJ that the

verification has been made to this Court by the Supreme Court Prothonotary.

bottles they were holding contained beer. For all of these reasons, the licensee's argument is without merit.

Affirmed.

## ORDER

NOW, July 16, 1991, the order of the Court of Common Pleas of Bucks County, dated June 13, 1990, at No. 16 M.M. 1990(18), is affirmed.