621 A.2d 1115

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT**

**v.**

**JEK ENTERPRISES, INC. t/a Kelly's Down By the Riverside Saloon, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 20, 1992.

Decided Feb. 9, 1993.

Reargument Denied March 31, 1993.

412

---

Timothy Finn, for appellant.

Stanley J. Wolowski, Asst. Counsel, for appellee.

Before SMITH and KELLEY, JJ., and CHARLES A. LORD, Senior Judge.

## OPINION

SMITH, Judge.

JEK Enterprises, Inc., t/a Kelly's Down by the Riverside Saloon (Licensee), appeals from the June 18, 1992 order of the Court of Common Pleas of Beaver County affirming an order of the Pennsylvania Liquor Control Board (Board) suspending Licensee's liquor license and imposing a fine based upon charges contained in a citation issued by the Bureau of Liquor Control Enforcement (Bureau). The question presented is whether the trial court erred as a matter of law in affirming the suspension on the basis that the hearing provision contained in Section 471(a) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as reenacted and amended*, 47 P.S. § 4-471(a), is directory only.

■ Licensee is a Pennsylvania corporation engaged in the restaurant business and holds a restaurant liquor license issued by the Board. On December 26, 1990, the Bureau cited Licensee for violating 40 Pa.Code § 5.32(a) which prohibits the use of a loudspeaker or similar device inside or outside of the licensed premises whereby the sound of music or other entertainment, or its advertisement, could be heard outside the premises. The citation stated that the violation occurred on August 10, 11, 31 and September 1, 1990, and instructed that Licensee should appear before an administrative law judge (ALJ) on a date to be scheduled by the Office of the Administrative Law Judge (OALJ) to show cause why its license should not be suspended or revoked or a fine imposed, or both. On April 8, 1991, the OALJ notified Licensee by certified mail of a hearing scheduled for May 23, 1991. On April 26, 1991, the ALJ granted a continuance to the Bureau over Licensee's objection because its primary witness was unavailable. The second hearing notice dated July 1, 1991 set the continued hearing for July 30, 1991. At that hearing, Licensee moved to dismiss the citation on the basis that the Bureau did not comply with the mandatory provisions of Section 471(a)[1] requiring a hearing within sixty days from the date of sending the citation to Licensee.

---

1. Section 471(a) provides, in pertinent part, as follows:

414

■ By decision dated October 18, 1991, the ALJ found that Licensee violated 40 Pa.Code § 5.32(a) and denied Licensee's motion to dismiss the citation, concluding that the Bureau satisfied the notice provisions of Section 471(a) since it granted a continuance from the first hearing, and the July 30, 1991 hearing occurred within sixty days of the July 1, 1991 notice. The ALJ stated that Section 471(a) has been interpreted by the courts as being directory only and not mandatory, and Licensee failed to establish a violation of due process rights since it did not allege prejudice by the passage of time. Pursuant to Section 471(a), the ALJ ordered Licensee to pay a fine of $250 and suspended its liquor license from 7:00 a.m. on Thursday, December 5, 1991 to 7:00 a.m. on Saturday, December 7, 1991. The Board affirmed the ALJ and adopted the interpretation of the language in Section 471(a) as being directory only. The trial court affirmed the Board from which order Licensee appeals to this Court.[2]

This Court in *General Davis, Inc. v. Pennsylvania State Police Bureau of Liquor Control Enforcement,* 141 Pa. Commonwealth Ct. 278, 595 A.2d 710 (1991), *appeal granted,* 530 Pa. 635, 606 A.2d 904 (1992), construed Section 471(a) to permit a citation to be issued by the Board and a citation hearing notice to be issued by the ALJ, and to require that the hearing be held not less than ten nor more than sixty days after the ALJ sends notice to the licensee. This Court rejected the licensee's assertion that Section 471(a) requires only one notice containing all necessary information in light of the legislative splitting of enforcement and adjudicatory functions of the Board and the OALJ upon reenactment of Sec-

[T]he enforcement bureau may, within one year from the date of such violation or cause appearing, cite such licensee to appear before an administrative law judge, not less than ten nor more than sixty days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked or a fine imposed, or both.

2. Review by this Court is limited to a determination of whether the Board's order is supported by sufficient evidence and whether the trial court committed an error of law or abused its discretion. *Pennsylvania Liquor Control Board v. S & B Restaurant, Inc.,* 112 Pa.Commonwealth Ct. 382, 535 A.2d 709 (1988).

tions 211 and 212 of the Code, added by the Act of June 29, 1987, P.L. 32, 47 P.S. §§ 2–211, 2–212.

 This Court has previously established that the ten to sixty-day hearing requirement is directory rather than mandatory. *General Davis; Pennsylvania Liquor Control Board v. Civic Arena Corp.*, 117 Pa. Commonwealth Ct. 75, 543 A.2d 207 (1988), *appeal granted*, 521 Pa. 631, 558 A.2d 533 (1989), *appeal withdrawn*, —— Pa. ——, 620 A.2d 492 (1990). Where the legislature directs that an adjudicatory body conducts a hearing within a certain time, such time constraint is directory, even when phrased in mandatory language. *Civic Arena.* The scheduling of hearings is a purely judicial function, *Moore Nomination Petition*, 447 Pa. 526, 291 A.2d 531 (1972), and while the legislature may fix a time within which ministerial acts of procedure must be performed by litigants, it cannot fix a time in which the exercise of a purely judicial function must occur. When a statute appears to do so, it will be construed as directory. *Id.; see also West Penn Power Co. v. Pennsylvania Public Utility Commission*, 104 Pa. Commonwealth Ct. 21, 521 A.2d 75 (1987).

Further, the use of the term "may" in Section 471(a) indicates a legislative intent that the time provision be directory rather than mandatory. *General Davis.* Moreover, this Court stated in *Civic Arena* that "the only time a trial court may reverse a Board finding of a Liquor Code violation due to the Board's failure to comply with the *directory* time limitations contained in Section 471 is if the licensee can demonstrate prejudice attributable to the Board's delay." *Id.*, 117 Pa. Commonwealth Ct. at 75, 543 A.2d at 209 (emphasis original).

Licensee acknowledges that *General Davis* and *Civic Arena* control the matter sub judice but requests reversal of those cases contending that because Section 471(a) is susceptible to a different interpretation, this Court must be guided by Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b), which dictates that when the words of a statute are clear and unambiguous, the letter of the law is not to be disregarded under the pretext of pursuing its spirit.

Licensee contends that this Court must comply with the plain meaning of Section 471(a) which requires a hearing to follow within ten to sixty days of the date of sending a citation, and as such, this Court is precluded from delving into legislative history. Licensee further asserts that other time limitations of Section 471 have been found to be mandatory,[3] and if the time requirement in Section 471(a) is held to be directory, the ALJ is not bound by any deadline within which to schedule a hearing.[4] Furthermore, courts must not defer to an agency's administrative interpretation of applicable statutes and regulations where such interpretation is unreasonable and inconsistent.

Licensee's arguments represent a reiteration of those presented and rejected in *General Davis* and *Civic Arena*, and thus offer no basis for reversal of well-established doctrine. In *General Davis*, this Court specifically held that the Board's interpretation of Section 471(a), which was adopted into law, was the more reasonable one and that the hearing-related time constraints apply to the Board as an adjudicatory body, irrespective of other Section 471 time constraints deemed mandatory to which Licensee refers. *Civic Arena*. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 9th day of February, 1993, the order of the Court of Common Pleas of Beaver County is affirmed.

3. Board investigation cannot exceed ninety days, *4–6 Club Liquor License Case*, 442 Pa. 154, 275 A.2d 40 (1971); within ten days upon completion of the investigation, the Board must notify the licensee of possible citation on the infraction, *id.;* the citation must be issued within one year from the date of the violation, *Silva Liquor License Case*, 219 Pa.Superior Ct. 31, 275 A.2d 871 (1971); and upon decision of the ALJ, a licensee must pay a fine within twenty days or suffer suspension or revocation of the license, *Pennsylvania Liquor Control Board v. Beer & Pop Warehouse, Inc.*, 118 Pa.Commonwealth Ct. 559, 545 A.2d 440 (1988), *appeal denied*, 521 Pa. 631, 558 A.2d 532 (1989).

4. Licensee has demonstrated no prejudice by the passage of time between the date of the sending of his citation until the date of the hearing, and thus his assertion that the ALJ has an indefinite amount of time to schedule a hearing is without merit.

KELLEY, Judge, dissenting.

I respectfully dissent. Although I am aware that this case is controlled by this court's decisions in *General Davis, Inc. v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 141 Pa. Commonwealth Ct. 278, 595 A.2d 710 (1991), *petition for allowance of appeal granted*, 530 Pa. 635, 606 A.2d 904 (1992) and *Pennsylvania Liquor Control Board v. Civic Arena Corp.*, 117 Pa. Commonwealth Ct. 75, 543 A.2d 207 (1988), *petition for allowance of appeal granted*, 521 Pa. 631, 558 A.2d 533 (1989), *appeal withdrawn*, —— Pa. ——, 620 A.2d 492 (1990), I believe that the time limitations of section 471(a) of the Liquor Code, 47 P.S. § 4–471(a), should be interpreted as being mandatory and not directory.

I disagree that the use of the term "may" in section 471(a) indicates a legislative intent that the time provision be directory rather than mandatory. On the contrary, the use of the term "may" in section 471(a) gives the Bureau initial discretion as to whether or not it cites a licensee to appear before an administrative law judge. However, once the Bureau decides to exercise its discretion under section 471(a) and send a citation to a licensee for alleged violations of the Liquor Code, the plain and unambiguous language of section 471(a) requires that a hearing be held not less than ten nor more than sixty days from the date of sending such licensee a notice to show cause why such license should not be suspended or revoked or a fine imposed, or both. 47 P.S. § 4–471(a).

Accordingly, I would overrule *General Davis* and *Civic Arena* and reverse the order of the trial court.