**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**Harvey WILNER, t/a Harvey Wilner's Village Tavern.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 27, 1996.
Decided Jan. 23, 1997.

---

Stanley J. Wolowski, Assistant Counsel, Pittsburgh, for appellant.

No appearance entered for appellee.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from the November 13, 1995, order of the Court of Common Pleas of Allegheny County (trial court) which sustained the license appeal of Harvey Wilner, t/a Harvey Wilner's Village Tavern (Wilner), and allowed Wilner to challenge his liquor violation. We reverse.[1]

On April 21, 1994, the Bureau issued a noncriminal administrative citation against Wilner, charging him with possessing or operating gambling devices or paraphernalia, or permitting gambling on the licensed premises, in violation of Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–471, and Section 5513 of the Crimes Code, 18 Pa.C.S. § 5513.

The citation was accompanied by a "Waiver, Admission and Authorization" form (waiver form). The waiver form specifically provided that Wilner: (1) acknowledged receipt of the Bureau's citation; (2) admitted to all violations charged therein; (3) waived his right to a hearing; (4) authorized the Administrative Law Judge (ALJ) to enter an adjudication based upon a summary of facts pro-

vided by the Bureau; (5) understood the possible penalties that may be imposed by the ALJ; and (6) waived any right to appeal the adjudication.

Wilner completed the waiver form, signed it in the presence of a notary public on June 3, 1994, and submitted it to the office of the ALJ. On July 29, 1994, the ALJ issued a written decision finding that Wilner permitted persons to collect and assemble for the purpose of unlawful gambling on his premises on March 16, 1994, in violation of Section 5513 of the Crimes Code and Section 471 of the Liquor Code.

The ALJ ordered Wilner to pay a fine of $1,000 and serve a seven-day license suspension. This sanction was imposed because of Wilner's extensive previous history of gambling violations.[2]

Wilner appealed to the Pennsylvania Liquor Control Board (Board), asserting that he had waived his right to appeal because of the pending sale of his business. Wilner stated that, because the sale of his business would probably not occur, he now wanted to be allowed to appeal because the punishment was excessive. However, Wilner never contended he was innocent or that he was informed by anyone from the Commonwealth that he could appeal, even though he specifically waived that right.

The Board dismissed Wilner's appeal on October 31, 1994, based upon Wilner's previous admission to the charge and the waiver form. The Board noted the penalty imposed by the ALJ was within the range of permissible penalties set forth in Section 471 of the Liquor Code and that the waiver form, submitted by Wilner, clearly set forth the possible penalties Wilner faced for this violation.

Wilner appealed to the trial court. The Bureau petitioned the trial court to quash Wilner's appeal because Wilner signed and submitted the waiver form, in which he admitted to all charges and formally waived his right to appeal. The waiver form was submitted into evidence by the Bureau. In re-

1. Wilner, failing to comply with this court's August 7, 1996, order to submit a brief in this matter, was precluded from filing a brief by this court's September 19, 1996, *per curiam* order.

2. The instant violation was Wilner's fifth gambling offense since 1984. Further, the ALJ noted that past penalties have failed to deter Wilner's practice of paying off on video gaming machines.

sponse to the Bureau's motion, Wilner took the witness stand and acknowledged that he filed the waiver form. Wilner testified, however, that he filed the waiver form because his business was being sold and he wanted to expedite matters. Wilner claimed that, prior to filing the waiver form, he called the local office of the Bureau and was advised that he could still appeal. Wilner stated that, after he received the ALJ's decision, the deal for the sale of his business fell through and he decided to appeal.

On cross-examination, Wilner was questioned as to who at the Bureau advised him he could appeal after filing the waiver form. Wilner stated he was "pretty sure" it was the state police but he really could not remember that well who he called. Wilner also admitted he knew neither the name of the person with whom he spoke, nor the person's gender. Wilner admitted that although he prepared and signed the appeal, his appeal to the Board only referred to the pending sale of his business as the reason why he had waived his right to appeal, not because he was misinformed by the Bureau.

After hearing Wilner's testimony and considering legal arguments presented by both parties, the trial court permitted Wilner to challenge the substance of the charges. The Bureau did not present any evidence, relying wholly upon its procedural argument that Wilner had waived his right to appeal the merits of the citation. The trial court sustained Wilner's appeal by order dated November 13, 1995. The Bureau now appeals to this court.[3]

■ On appeal, the Bureau questions whether Wilner is precluded from pursuing an appeal in the trial court and challenging the substance of the liquor violation when he admitted to the charge at the administrative level and knowingly waived his right to appeal and whether Wilner should be permitted

to rely upon equitable estoppel to overcome his specific waiver of his right to appeal.[4]

■ In addressing the issues, we note that this court has previously held that a liquor licensee's admission to a charge set forth in a liquor code citation constitutes a waiver of the licensee's right to appeal the substance of the violation. *Pennsylvania Liquor Control Board v. Dentici*, 117 Pa.Cmwlth. 70, 542 A.2d 229 (1988). This is so "because the effect of a guilty plea or its civil equivalent waives all nonjurisdictional defenses." *Id.* 542 A.2d at 230 (citation omitted.) Just as in *Dentici*, Wilner's admission was in no way conditional. Therefore, he preserved no affirmative defense for appeal.

■ Unlike *Dentici*, however, the Bureau here did not lull Wilner into waiving his appeal rights. Although testifying before the trial court that someone at the Bureau informed him he could file the waiver form and still appeal, Wilner was unable to identify this person or the person's gender. Wilner essentially asserts the doctrine of equitable estoppel to preclude this court from enforcing his specific waiver of his right to appeal. However, we need not address the doctrine of equitable estoppel because Wilner failed to preserve this issue for appeal by failing to raise it before the Board. An issue not raised before the administrative agency is deemed waived for purposes of appeal. *B.E. v. Department of Public Welfare*, 654 A.2d 290 (Pa.Cmwlth.1995).[5]

Under such circumstances as here, where a licensee has admitted the wrongdoing, the case is moot and the right to appeal is waived. *Dentici*. Therefore, we hold that the trial court erred in allowing Wilner to appeal.

Accordingly, the decision of the trial court is reversed and the order of the Board is reinstated.

---

3. The Bureau filed a motion requesting permission to orally argue this matter. This motion was denied by this court's *per curiam* order dated October 3, 1996.

4. This court's standard of review in a liquor code enforcement appeal is to determine whether the trial court committed an error of law or an abuse of discretion. *Pennsylvania State Police, Bureau*

*of Liquor Control Enforcement v. R–Lounge, Ltd.*, 166 Pa.Cmwlth. 227, 646 A.2d 609 (1994).

5. We note, however, that the record here is replete with evidence that Wilner filed the waiver form because he was attempting to sell his business and wanted to expedite the matter, not because of any statements allegedly made by Bureau personnel.

### ORDER

NOW, January 23, 1997, the November 13, 1995, order of the Court of Common Pleas of Allegheny County is reversed.