568 COM. ex rel. SCHRIER, Appel., *v.* RUGGLES et al.

Syllabus—Arguments. [280 Pa.

## Commonwealth ex rel. Schrier, Appellant, *v.* Ruggles et al.

*Statutes—Repeal—Repeal by implication — Local acts — Turn-pikes—Acts of March 12, 1869, P. L. 325; April 20, 1905, P. L. 237; April 25, 1907, P. L. 104; May 11, 1911, P. L. 244, and July 8, 1919, P. L. 738.*

1. The repeal of statutes by implication is not favored.

2. A general statute does not repeal a local statute by mere implication.

3. The Act of March 12, 1869, P. L. 325, relating to the care of an abandoned turnpike in Bradford and Sullivan counties, is not repealed by the general Acts of April 25, 1907, P. L. 104, amending the Act of April 20, 1905, P. L. 237, and the Act of July 8, 1919, P. L. 738, amending the Act of May 11, 1911, P. L. 244.

Argued April 30, 1924. Appeal, No. 16, Jan. T., 1925, by relator, from order of C. P. Bradford Co., Sept. T., 1923, No. 157, refusing mandamus, in case of Commonwealth ex rel. W. G. Schrier, District Attorney, v. John A. Ruggles et al., County Commissioners. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for mandamus to compel repair of abandoned turnpike road. Before MAXWELL, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Relator appealed.

*Error assigned* was order, quoting record.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellant. —The Act of 1869 was repealed by later legislation: Manchester Twp. v. Co. Comrs., 257 Pa. 442; Nusser v. Com., 25 Pa. 126; Myers v. Comrs., 110 Pa. 217; Nissley v. Lancaster Co., 215 Pa. 562; Appointment of Assistant District Attorney, 14 Pa. Dist. R. 635; Rodebaugh v. Traction Co., 190 Pa. 358; Com. v. Macferron, 152 Pa.

244; Quinn v. Cumberland, 162 Pa. 55; Best v. Baumgardner, 122 Pa. 17.

*R. A. Mercur,* County Solicitor, for appellees.—An act of assembly will not be construed to repeal by implication an express enactment, unless there be a clear and strong inconsistency between them: Street v. Com., 6 W. & S. 209; Somerset & Stoystown Road, 74 Pa. 61; Carpenter v. Hutchinson, 243 Pa. 260; Com. ex rel. v. Brown, 210 Pa. 29; Brown v. Comrs., 21 Pa. 37; Rhein Building Assn. v. Lea, 100 Pa. 210; Seifried v. Com., 101 Pa. 200; Wright v. Vickers, 81 Pa. 122; Rounds v. Boro., 81 Pa. 395; Kilgore v. Com., 94 Pa. 495; Opening of Parkway, 249 Pa. 367; Ulrich's Case, 267 Pa. 233; Com. v. Connell, 65 Pa. Superior Ct. 100.

OPINION BY MR. JUSTICE SCHAFFER, May 19, 1924:

The question to be determined in this case is whether general acts of assembly requiring counties to maintain abandoned turnpikes repeal a local act requiring the maintenance by townships of a particular turnpike.

The local act of assembly claimed to be repealed is that of March 12, 1869, P. L. 325, and is entitled "An Act to confer upon the authorities of the several townships and boroughs in Bradford and Sullivan counties the same rights and powers over the Susquehanna and Tioga turnpike they now exercise over other roads in said districts." It recites that "All that portion of the turnpike road of the Susquehanna and Tioga Turnpike Company, lying within the counties of Bradford and Sullivan, has been abandoned by said company, and no repairs made thereon, nor toll gates maintained across the same for more than twenty years." It provides "That the several township and borough authorities in the counties of Bradford and Sullivan shall have and exercise over all those portions of the Susquehanna and Tioga turnpike road, within their respective limits, the same powers, duties and authorities, including those of alteration and vacation,

570 COM. ex rel. SCHRIER, Appel., *v.* RUGGLES et al.

Opinion of the Court. [280 Pa.

as over other public roads in their several districts." From the recitals of the act, it is apparent that the turnpike road in question has been abandoned for more than seventy-five years. Speaking of the condition of the road in the County of Bradford, the court below said: "This petition for a mandamus, only seeks to have the county commissioners, keep up and repair the old turnpike road passing through the several townships of the county, and not through the boroughs. There is no explanation in the petition, why this is done in that way. This would result in a checker-board arrangement, and divide responsibility, in the repair and keeping up of these roads in the different townships and boroughs of the county, if said road can be located, in any event. Townships and boroughs within the County of Bradford have taken over this abandoned turnpike road passing through the several townships and boroughs of the county, and have spent and expended, from year to year, a large amount of the local taxes, in the building, maintaining, changing and repairing the parts thereof passing through said townships and borough, until said turnpike road has passed out of existence and out of the memory of man. These roads are now township roads within said townships, made so by the expenditures of the public money upon them, for more than fifty-four years."

The proceeding in the court below was by petition for a mandamus against the county commissioners, praying that they be required to repair and maintain the Susquehanna and Tioga turnpike in certain townships of Bradford County. The court refused to issue the mandamus, holding that the local Act of 1869 has not been repealed by later general acts imposing upon counties the duty of maintaining abandoned turnpikes. From the court's order refusing the mandamus, the relator has appealed.

It is the contention of the appellant that the act in question has been repealed by the Acts of April 25, 1907, P. L. 104, amending the Act of April 20, 1905, P. L. 237, and of July 8, 1919, P. L. 738, amending the Act of May

COM. ex rel. SCHRIER, Appel., *v.* RUGGLES et al. 571

1924.]                    Opinion of the Court.

11, 1911, P. L. 244, for the reason that these acts were intended to establish a uniform system throughout the Commonwealth for the maintenance of abandoned or condemned turnpikes. There is no express repeal of the Act of 1869, and if it is to be held to have been abrogated, it must be because it is repealed by implication. It has always been the rule in Pennsylvania that the repeal of statutes by implication is not favored: Somerset & Stoystown Road, 74 Pa. 61. As to the repeal of local acts by implication, the rule has been strictly held as it was laid down by Chief Justice MITCHELL in Commonwealth v. Brown, 210 Pa. 29, 36: "A local is not repealed by a general act on the same subject, even with conflicting provisions. A local law presumably was passed to meet local and exceptional conditions, and a general statute to meet general conditions does not imply that the local conditions have changed, or that the legislature intends to change the law which it had previously deemed necessary or appropriate to such conditions. 'Rarely, if ever, does a case arise where it can justly be held that a general statute repeals a local statute by mere implication.'"

The turnpike road in question seems to have been the subject of special legislative consideration from an early date. Thus by the Act of April 19, 1844, P. L. 314, 315, which treated of the abandonment or condemnation of turnpike roads in the Commonwealth, the Susquehanna and Tioga turnpike road was excepted out of the provisions of the act. Under the Act of April 10, 1848, P. L. 481, this road was differentiated from other roads. The Act of April 20, 1905, P. L. 237, does not apply to abandoned turnpikes, but to turnpikes appropriated or condemned; as to such they "shall be properly repaired and maintained at the expense of the county, city or borough in which the said turnpike, or part thereof, lies." Speaking of this act in Manchester Township Supervisors v. Wayne County Commissioners, 257 Pa. 442, 445, it was said: "This Act of 1905 was a wholly separate and inde-

572 COM. ex rel. SCHRIER, Appel., *v.* RUGGLES et al.

Opinion of the Court.                    [280 Pa.

pendent piece of legislation. It was not an amendment of any act, nor did it repeal any act; it did not pretend to do either. It did, however, supersede so much of any existing act as was repugnant to any of its provisions. There was but one [general] existing act—the Act of June 2, 1887, [P. L. 306]—that could possibly conflict with it, and that only in the one provision in the earlier act that imposed the expense of repair and maintenance upon the township, whereas the later act imposed it on the counties. It follows that the Act of June 2, 1887, remained in full force, unaffected by the Act of April 20, 1905, except in the particular mentioned." The Act of 1905 was amended by the Act of April 25, 1907, in the respects that the amending act took in turnpike companies which had abandoned their turnpikes and turnpike companies which had been dissolved and provided that such roads should be repaired and maintained at the expense of the county, city or borough in which the turnpike lies. The Act of May 11, 1911, P. L. 244, provided for the location, laying out and construction of public roads by the counties and provided that the duty of maintenance and repair shall be paid by the county. It makes no mention of abandoned turnpikes and contains only a general repealing clause. The Act of July 8, 1919, P. L. 738, amends the Act of 1911, and provides for the preparation of plans and estimates by the county commissioners for the repair and maintenance of abandoned or condemned roads and that the court of quarter sessions "may vacate as a county road any portion or portions of any abandoned or condemned turnpike road ......and all portions of such roads so vacated shall become and be township roads." We think there is nothing in these statutes which leads to the conclusion that it was the intention of the legislature to repeal the Act of 1869 and therefore hold with the court below that that act is still in force. The case at bar is readily distinguishable from Commonwealth ex rel. v. Ball, 277

COM. ex rel. SCHRIER, Appel., *v.* RUGGLES et al. 573

1924.]                    Opinion of the Court.

Pa. 301, because in that case there was no local act in question.

The order of the court below is affirmed at the cost of appellant.