# Commonwealth *v.* Scott, Appellant.

# Commonwealth *v.* Tross et al., Appellants.

# Commonwealth *v.* Davies et al., Appellants.

*Statutes—Repeal of local Acts of March 23, 1865, P. L. 742; April 8, 1872, P. L. 994; May 23, 1893, P. L. 117, and July 20, 1917, P. L. 1158—State Constitution, article III, section 6.*

1. Where it is manifest that the legislature intended a statute should operate uniformly throughout the Commonwealth, all

previous special and local acts, dealing with the same subject-matter, are necessarily repealed.

2. The local Acts of March 23, 1865, P. L. 742, and April 8, 1872, P. L. 994, were repealed by the general Act of May 23, 1893, P. L. 117.

3. The rule that the repeal of a repealing statute operates to restore the original act, has no relevancy to repeals by implication, but only to express repeals.

4. Local and special acts which have been repealed by a general statute, are not revived by a new general act dealing with the same subject-matter.

5. This rule is especially applicable to the inhibited subjects specified in article III, section 7, of our state Constitution, for the same section says that such special and local acts cannot be indirectly enacted by the partial repeal of the general law.

6. The Act of July 20, 1917, P. L. 1158, which supplanted the Act of May 23, 1893, P. L. 117, did not operate to revive the Acts of March 23, 1865, P. L. 742, and April 8, 1872, P. L. 994.

Argued October 4, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, Nos. 87, 88 and 89, March T., 1926, by defendants, from judgments of Superior Court, April T., 1926, Nos. 117, 118 and 119, reversing orders of Q. S. Cambria Co., in cases of Commonwealth v. E. Scott, Commonwealth v. L. C. Tross and E. Scott and Commonwealth v. Herbert J. Davies and C. I. McLaughlin. Reversed.

Appeal from Superior Court. See 88 Pa. Superior Ct. 68.

The opinion of the Supreme Court states the facts.

*Errors assigned* were judgments of Superior Court.

*P. J. Little,* for appellant.—Where a reference in an adopting statute is to the law generally on any subject the adopting statute means the law in force on the subject at the time it is invoked. That rule is the same in the construction of procedural statutes as well as stat-

utes affecting substantive rights: Guenthoer's Est., 235 Pa. 67; Kugler's App., 55 Pa. 123; Vernon Parke Case, 163 Pa. 70; Loyalsock Twp. Road, 26 Pa. Superior Ct. 219, 224; Com. v. Auct. Co., 51 Pa. Superior Ct. 166, 170; Com. v. Frain, 16 Pa. 163; Com. v. Nav. Co., 66 Pa. 81; Riley v. Pennsylvania, 32 Pa. Superior Ct. 579.

There is no clearly expressed intent in the act to compel the collector of taxes to make a sale before he is entitled to any fees, and such would have to be the intention of the legislature before the collector would be prevented from taking the fees provided for constables for like services: Com. v. Cuyler, 5 W. & S. 275; Hartman's App., 107 Pa. 327; McBride's App., 72 Pa. 480.

Collectors having been collecting taxes and charging fees for making levys without sales ever since the Act of 1872 was passed, and it is rather late now to raise the question: Price v. Lancaster Co., 189 Pa. 95; Phila. v. Ry. Co., 102 Pa. 190; Whitmire v. Twp., 17 Pa. Superior Ct. 399.

*D. P. Weimer,* for appellee, cited: Com. v. Auction Co., 51 Pa. Superior Ct. 166; Moore's Est., 50 Pa- Superior Ct. 76.

OPINION BY MR. JUSTICE SIMPSON, November 22, 1926:

In each of these three cases, the defendants, as tax collectors or deputy tax collectors, were indicted for extortion, under section 12 of the Act of March 31, 1860, P. L. 382, 387; the indictments alleging that in May, 1925, they "did, by color of their office, receive and take a reward and fee [from specified persons] to execute and do their duty of office, not allowed by law, to wit, the sum of $1.50, for receiving and paying over money paid after levy without sale." The Court of Quarter Sessions of the Peace of Cambria County quashed the indictments; the Superior Court reversed, and directed that the record be remitted for further proceedings according to law; on being advised that there were a large number of similar prosecutions begun or threat-

ened, we allowed the present appeals in order that the questions involved might be finally determined.

The tax collections, in connection with which all the alleged extortions arose, were all made by defendants in Cambria County, by virtue of their appointments under the local Act of April 8, 1872, P. L. 994, which provides as follows: "Section 3. In case any state, military, county or poor tax assessed in any township or borough within said county shall remain unpaid for a period of thirty days from and after the first day of September aforesaid, it shall be the duty of the treasurer of the said County of Cambria to issue his warrant under his hand, accompanied by a schedule of all such unpaid taxes, adding thereto five per centum, and the names of the persons respectively to whom the same are charged, in the proper duplicates, directed to the constable of the proper township or borough, or if there be no constable therein, then the treasurer shall appoint some suitable freeholder whose duty it is hereby made to receive the same, authorizing and requiring him to demand and receive from the persons named in the schedule the sums with which they are charged respectively; and the said warrants shall further authorize and require such constable or collector, in case any person named in the schedule annexed shall fail to pay the amount with which such person is therein charged, after demand therefor made by such constable or collector, to levy the same by distress and sale of goods and chattels of such delinquent, giving ten days' public notice of such sale by three written or printed advertisements; and in such case the constable or collector shall be entitled to retain out of the proceeds of such sale, after first deducting the taxes, the same fees as are now allowed to constables by law for a levy and sale upon a writ of execution: Provided, Where the said taxes are paid on demand, or within ten days thereafter, the constable or collector shall be entitled to receive as a compensation of five per centum for his services."

From this section, standing alone, it is clear we could not decide, as a matter of law, that these defendants were justified in collecting $1.50 from the delinquent taxpayers. It was neither proved nor admitted that this sum was retained as and for the compensation specified in the proviso above quoted; and hence the effect of that proviso, if it has any in these cases, cannot be considered on the motions to quash. As respects the "fees......now allowed to constables by law," referred to in the preceding clause of the section, it suffices that, as the Superior Court points out, such fees are stated to be "for a levy and sale upon a writ of execution," while here, as the indictments show, there was no sale. If, as was argued, the intention was to allow "fees......for a levy," where there was no sale, and for the levy and sale if there were both, the difficulty is moved but a step along. The local Act of March 23, 1865, P. L. 742, was, at the time the Act of 1872 was passed, the statute which then provided for the fees "now allowed to constables by law for a levy and sale upon a writ of execution." It authorized a charge on a commission basis, where there were both a levy and a sale, and one-half of that commission "where the money is paid without sale." But here, too, it is neither proved nor admitted that the $1.50 could properly have been retained as such half-commission; hence it also was a matter which could not be considered on the motions to quash. Unless, therefore, some later statute or statutes justified the charges made by defendants, the judgments of the Superior Court are correct. We think there are such later statutes.

The Act of May 23, 1893, P. L. 117, says that "Whereas, No uniform fee bill for the several counties throughout the Commonwealth of Pennsylvania, now exists relating to......constables; therefore, Section 1, Be it enacted, &c., That there *shall* be uniformity throughout the Commonwealth in the charges of......constables, and that their fees *shall* be as follows......" This language clearly expresses the legislative intent that there-

after there should be uniformity throughout the Commonwealth in respect to such charges, and that they should be made at the rates therein specified, and not otherwise. Hence the Acts of 1865 and 1872, and all other statutes bearing on the subject, whether general or local, were necessarily repealed: Com. ex rel. v. Moore, 255 Pa. 402; Murdoch v. Biery, 269 Pa. 577.

In reaching this conclusion we have not overlooked the decision in Com. ex rel. Schrier v. Ruggles, 280 Pa. 568, and kindred cases, that a general statute does not repeal a prior local one by mere implication. The repeal by the Act of 1893 is much more than by mere implication, however. True, it does not cite the Acts of 1865 and 1872 for repeal, but the recital above quoted that "No uniform fee bill for the several counties......now exists," is a distinct recognition of the existence of local acts, and when this is followed by the statement "that there *shall* be uniformity throughout the Commonwealth..... and that their fees *shall* be as follows," no other conclusion is possible than that all such local statutes were intended to be repealed, for not otherwise could there "be uniformity throughout the Commonwealth in the charges of......constables."

It follows that, after the passage of the Act of 1893, it was the only statute on the subject of constables' charges. It did not authorize the charges specified in the indictment, but it was, in some particulars, supplanted by the Act of July 20, 1917, P. L. 1158, 1160, and this statute does expressly allow to constables "For receiving and paying over money after a levy, without sale, $1.50." This allowance applies also to tax collectors and deputy tax collectors, appointed under the Act of 1872, whether or not they are constables, for that statute in terms gives to each the same compensation, measured by the charges permitted to constables, for the same services in other matters. Hence, as the defendants in these cases are only accused of collecting the sums which the foregoing provision of the Act of 1917 says, in haec verba, they may

collect, the indictments do not charge any violation of law and were properly quashed.

It was hinted, though not argued, that perhaps the passage of the Act of 1917, operating, as it does, to change the Act of 1893, might be considered as a repeal of the latter statute, and thus have the effect of reviving the special and local acts repealed or supplanted by it. The rule thus invoked has no relevancy, however, to repeals by implication, but only to express repeals of the earlier repealing act: 25 R. C. L. 933. Special or local acts, which have been repealed by a general act, are not revived by the mere passage of a substitute or partial substitute for the latter. Moreover, the rule itself is based on a presumed legislative intent, and can have no applicability here, since the Act of 1917 shows on its face that there was no intention of returning to the prior local acts, for it, in terms, provides for uniform changes throughout the Commonwealth. Had it provided otherwise, it would, in that respect, have been unconstitutional, for article III; section 7, of our state Constitution expressly declares "Nor shall the General Assembly indirectly enact such special or local law by the partial repeal of a general law," among the special or local laws, inhibited by the same section, being those "regulating the fees of......constables."

The judgments of the Superior Court are reversed, and those of the Court of Quarter Sessions of the Peace are reinstated and affirmed.