646 A.2d 609

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**R–LOUNGE, LTD. T/A Rumors Lounge.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 1993.

Decided July 22, 1994.

Donald K. Gardner, for appellant.

Elliot B. Edley, for appellee.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from an opinion and order of

the Court of Common Pleas of Luzerne County (trial court) that sustained the appeal of R–Lounge, Ltd. t/a Rumors Lounge (Licensee), from the imposition of fines totaling seven-hundred and fifty dollars ($750.00) for violations of the Pennsylvania Liquor Control Board's (Board) regulation prohibiting the use of a loudspeaker whereby sound of entertainment can be heard on the outside of the licensed premises, 40 Pa.Code § 5.32(a).[1]

This appeal arises out of three (3) citations [2] issued by the Bureau directing the Licensee to show cause before an administrative law judge (ALJ) why its license should not be suspended or revoked or a fine imposed or both pursuant to Section 471 of the Liquor Code, 47 P.S. § 4–471. Each citation alleged that the Licensee, by its servants, agents or employees violated Section 5.32(a) of the Board's regulations. The violation dates are different for each citation.[3]

An evidentiary hearing was conducted before the ALJ on April 14, 1992.[4] The Bureau presented the testimony of George J. Fox, Martha Fox and three enforcement officers.[5] The Licensee presented the testimony of Michelene Cerase, a former waitress of the Licensee, George Dumont, a bartender for the Licensee, and Richard Roberts, owner of the Licensee.

1. Section 5.32 of the Board's regulations imposes restrictions upon licensees and provides, in pertinent part, as follows:
   (a) A licensee may not use or permit to be used inside or outside of the licensed premises a loudspeaker or similar device whereby the sound of music or other entertainment, or the advertisement thereof, can be heard on the outside of the licensed premises.
   40 Pa.Code § 5.32(a).

2. Citations 91–1544, 91–2011, and 91–3000 were issued on June 5, 1991, August 5, 1991, and December 13, 1991, respectively.

3. Citation 91–1544 charged Licensee with violating Section 5.32(a) on March 19–31, April 1, 3–19, 25–26, and May 14, 1991. Citation 91–2011 charged Licensee with violating Section 5.32(a) on June 3–4, 17–18, and July 2, 1991. Citation 91–3000 charged Licensee with violating Section 5.32(a) on July 25–28, and August 24–25, 1991.

4. The citations were consolidated for hearing purposes.

5. The enforcement officers, Edward A. Kalinowski, Dennis James, and Eugene J. Glevick, all testified that, in response to complaints filed by George J. Fox, they conducted investigations of the Licensee which they characterized as the taking of a statement from Mr. Fox.

Based upon review of hearing transcript, the ALJ made findings of fact,[6] in pertinent part, as follows:

1. "Licensee" holds Restaurant Liquor License with Amusement and Sunday Sales Permits R–AP–SS–6157. (Exhibit C–1).

2. Licensee's neighbors, George J. and Martha Fox reside in excess of 450 feet downslope from the licensed premises. (N.T. 13, 17–19).

. . . .

4. George J. Fox has filed noise complaints against "Licensee" with the Pennsylvania State Police, Bureau of Liquor Control Enforcement. (N.T. 7, 12–13, 15, 20).

5. George J. Fox has maintained a daily log on a calendar noting dates and times he has heard noise coming from the licensed premises. (N.T. 21, Exhibit C–7).

6. The noise complained of by George J. and Martha Fox is a thump-type bass beat which can be heard inside and outside their home. (N.T. 22, 24, 31–32, 34).

. . . .

12. The bass beat is generated by Licensee's music sound system which has amplified loudspeakers. (N.T. 25–26, 41–42, 46).

Based upon the aforementioned findings of fact, the ALJ concluded that the Licensee, on the dates listed in the citations, permitted the sound of music amplified by loudspeakers to emanate from the licensed premises thereby violating Section 5.32(a) of the Bureau's regulations. The ALJ further concluded that the Licensee's present conduct coupled with the Licensee's citation history[7] warranted the imposition of a

6. On May 28, 1992, the ALJ issued separate opinions and orders for each of the three citations. All three opinions contain identical findings of fact and only differ with respect to reference to the specific dates of the violations in question.

7. In the discussion portion of his opinion, the ALJ noted that the Licensee has been so licensed since June 10, 1987 and has a history of four prior citations, three of which were for loudspeakers with citation dates of November 3, 1990, January 1, 1991, and March 9, 1991. The ALJ thereby concluded that the Licensee must be treated as a repeat offender.

two-hundred and fifty dollar ($250.00) fine for each of the three citations.

On June 10, 1992, the Licensee filed a single appeal to the Board from all three of the ALJ's orders in which it asserts that the ALJ's findings of fact are not supported by substantial evidence. The Board, without further hearing [8] and upon review of the record compiled before the ALJ, determined that the decisions of the ALJ are based upon substantial evidence and are correct as a matter of law. By order dated January 21, 1993, the Board affirmed the decisions of the ALJ, ordered the Licensee to pay a fine of seven-hundred fifty dollars ($750.00), and dismissed the Licensee's appeal.[9]

On February 4, 1993, the Licensee filed an appeal from the Board's order with the trial court which, without taking any additional evidence [10] and after a review of the testimony before the ALJ, determined that the ALJ's findings of fact are not supported by substantial evidence. In so doing, the trial court noted that its review of the Licensee's appeal, as set forth by this Court in *In re: Appeal of Iggy, Inc.*, 140 Pa.Commonwealth Ct. 168, 592 A.2d 122 (1991), is limited to determining whether the ALJ's findings are supported by substantial evidence, whether an error of law was committed, or whether the ALJ abused his discretion. By order dated June 18, 1993, the trial court sustained the appeal of the Licensee. The Bureau filed this appeal.

During the pendency of this appeal, the Pennsylvania Supreme Court, in *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 536

8. Despite the assertion in the trial court's opinion to the contrary, the Board did not conduct an additional hearing as part of its review of the decisions of the ALJ.

9. In its order, the Board also specified that the Licensee must adhere to all other conditions set forth in the ALJ's orders. In the discussion portion of his opinions, the ALJ stated that the Licensee must eliminate the bass beat sound which is disturbing its neighbors or it faces revocation of its "Amusement Permit."

10. Despite the assertion in the Bureau's brief to the contrary, the trial court did not conduct an additional hearing as part of its review of the Licensee's appeal.

Pa. 254, 639 A.2d 14 (1994), expressly rejected the scope of review for the court of common pleas in appeals under Section 471 of the Liquor Code, 47 P.S. § 4–471, as set forth by this Court in *Iggy*. In so doing, the Supreme Court concluded that "the court of common pleas is still required to conduct a *de novo* review and, in the exercise of its statutory discretion, to make its own findings and conclusions." 536 Pa. at 264, 639 A.2d at 19; *see also* Section 464 of the Liquor Code, 47 P.S. § 4–464. The Supreme Court further concluded that the court of common pleas, based upon its *de novo* review, may either sustain, alter, change, modify or amend the Board's action whether or not it makes findings which are materially different from those found by the Board. *Id.* at 264–265, 639 A.2d at 19–20.

The trial court herein reviewed Licensee's appeal under the standard of review as set forth by this Court in *Iggy*. In light of the Supreme Court's decision in *Cantina Gloria's Lounge, Inc.*, the order of the trial court will be vacated and this matter will be remanded to the trial court to consider Licensee's appeal consistent with *Cantina Gloria's Lounge, Inc.*[11]

### ORDER

AND NOW, this 22nd day of July, 1994, the order of the Court of Common Pleas of Luzerne County, dated June 18, 1993, is vacated and this matter is remanded to the trial court for proceedings consistent with *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 536 Pa. 254, 639 A.2d 14 (1994).

Jurisdiction relinquished.

---

11. Additionally, consistent with the Supreme Court's pronouncement in *Cantina Gloria's Lounge, Inc.*, our scope of review then becomes a determination of whether the court of common pleas committed an error of law or an abuse of discretion. 536 Pa. at 264, 639 A.2d at 19.