PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant

v.

Dale E. CAPEK t/a Landmark Lounge.

Commonwealth Court of Pennsylvania.

Argued March 13, 1995.
Decided April 19, 1995.

---

Richard G. Parker, Asst. Counsel, for appellant.

James Victor Voss, for appellee.

Before COLINS, President Judge, and FRIEDMAN, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

■ The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) reversing the decision of the Liquor Control Board (Board) and dismissing charges brought against Dale E. Capek t/a Landmark Lounge (Licensee) alleging that Licensee violated sections 493(21) and 471 of the Liquor Code[1] and section 5101 of the Crimes Code.[2] We affirm.[3]

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 4–493(21) and 4–471.

2. 18 Pa.C.S. § 5101.

3. The trial court was required to conduct a *de novo* review and to make its own findings and conclusions. Based upon that *de novo* review, the trial court can sustain, alter, change, modify or amend the Board's action whether or not it made findings which are materially different from those found by the Board. *Pennsylvania State Police, Bureau of Liquor Control Enforce-*

On November 15, 1992, Bureau Agent William Radvansky conducted an "after hours" patrol in Cheswick. While Agent Radvansky was in the Landmark Lounge's parking lot, Cheswick Police Officer Gerald Drane drove his patrol vehicle into that lot. Agent Radvansky approached Officer Drane and informed the officer that he was going into the lounge to investigate and might need the officer to come into the lounge a few minutes later. At 2:43 a.m., Agent Radvansky, wearing street clothing, entered the lounge and observed eighteen patrons in possession of what appeared to be alcoholic beverages. Agent Radvansky approached Dale E. Capek, the lounge's owner, identified himself as a Liquor Control Board agent, showed his badge for three seconds and requested permission to inspect the rear of the bar area. Previously, the lounge had been robbed by an individual who entered the bar while patrons were present, bullied his way behind the bar, pulled a knife and ransacked the cash register. Because of this experience, Capek did not believe that Radvansky was an agent and, thus, requested to see the identification badge a second time. Agent Radvansky produced his badge again, showed it for a very short time and repeated his request to go behind the bar. Again, Capek denied that request and a scuffle ensued. Soon after, Officer Drane entered the bar and the confrontation ended.

Eventually, the bar area was searched and no evidence of illegal activity was discovered. However, the Bureau cited Licensee for four violations: Count One-failing to require patrons to vacate the bar one-half hour after the required time for the cessation of the service of alcohol (section 499(a) of the Liquor Code, 47 P.S. § 4–499(a)[4]); Count Two-

*ment v. Cantina Gloria's Lounge,* 536 Pa. 254, 639 A.2d 14 (1994). Therefore, we base our review on the facts as found by the trial court. Accordingly, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. R–Lounge, Ltd.,* 166 Pa.Commonwealth Ct. 227, 646 A.2d 609 (1994).

4. Section 499(a) of the Liquor Code provides: Except as provided for in subsection (b), all patrons of a licensee shall be required to leave

permitting patrons to possess alcohol after 2:30 (section 499(a) of the Liquor Code, 47 P.S. § 4–499(a)); Count Three-refusing an agent the right to inspect the entire licensed premises (section 493(21) of the Liquor Code, 47 P.S. § 4–493(21)[5]); and, Count Four-interfering with an agent in the performance of his duties (section 5101 of the Crimes Code, 18 Pa.C.S. § 5101,[6] and section 471 of the Liquor Code, 47 P.S. § 4–471[7]).

A hearing was conducted before an administrative law judge (ALJ), who dismissed Counts Three and Four, but affirmed the Count One and Two violations. The Bureau appealed the ALJ's dismissal of Counts Three and Four to the Board. After reviewing the record, the Board reversed the ALJ's decision, holding, in essence, that section 493(21) of the Liquor Code is a strict liability statute. As such, the Board reasoned that because Capek refused Agent Radvansky the right to inspect the bar area after Agent Radvansky displayed his credentials, Licen-

see violated section 493(21) of the Liquor Code. The Board reinstated Counts Three and Four and remanded the case to the ALJ for imposition of an appropriate penalty.[8]

Licensee appealed to the trial court. The trial court noted that Capek, due to the robbery, had reason to be apprehensive of an individual entering the lounge after hours and demanding entry to the rear of the bar area. The trial court also questioned the efficacy of Agent Radvansky's procedure in identifying himself in order to gain access to the bar, stating that the initial exhibition of Agent Radvansky's badge for "three or four seconds" and a subsequent showing "for another very brief period" did not sufficiently inform Capek of the agent's identity. In reversing the Board's decision, the trial court concluded:

As regrettable as this encounter may be, it could have been avoided by a greater exercise of patience and restraint on the part of the officer. An experienced inves-

that part of the premises habitually used for the serving of liquor or malt or brewed beverages to guests or patrons not later than one-half hour after the time the licensee is required by this act to cease serving liquor or malt or brewed beverages and shall not be permitted to have any previously served liquor or malt or brewed beverages in their possession, nor shall they be permitted to remove any previously served liquor or malt or brewed beverages from that part of the premises.

5. Section 493(21) of the Liquor Code provides:
It shall be unlawful—
... (21) For any licensee, or his servants, agents or employes, to refuse the board or the enforcement bureau or any of their authorized employes the right to inspect completely the entire licensed premises at any time during which the premises are open for the transaction of business, or when patrons, guests or members are in that portion of the licensed premises wherein either liquor or malt or brewed beverages are sold.

6. **§ 5101. Obstructing administration of law or other governmental function**
A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of

avoiding compliance with law without affirmative interference with governmental functions.

7. Section 471 of the Liquor Code provides in pertinent part:
(a) Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, or any violation of any laws of this Commonwealth or of the Federal Government relating to the payment of taxes on liquor, alcohol or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, or upon any other sufficient cause shown, the enforcement bureau may, within one year from the date of such violation or cause appearing, cite such licensee to appear before an administrative law judge, not less than ten nor more than sixty days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked or a fine imposed, or both. The bureau shall also send a copy of the hearing notice to the municipality in which the premises is located.

8. We note that the Bureau limits its argument to the interpretation of section 493(21) and does not discuss or question the dismissal of the charges regarding section 471 of the Liquor Code and section 5101 of the Crimes Code. As such, we limit our review and discussion to the section 493(21) issue.

tigator such as Officer Radvansky, would be cognizant that the practice of entering a dimly lit establishment after hours while in civilian apparel and demanding access to an area of the establishment which includes the cash register, *may* raise the suspicions of the licensee and any other interested parties who may be present irrespective of any prior incidents experienced by the licensee.

We reiterate the language of the ALJ in that the exigency of the circumstances did not demand that Officer Radvansky obtain immediate access to the area behind the bar. The officer was already on the premises and, therefore, the possibility that the licensee would mask potential violations or destroy evidence of contraband was minimal. A mere minute or less of further explanation by the officer could have sufficed to calm the fears of the licensee.

(Trial ct. op. at 3.)

The Bureau now appeals to this court and asks us to determine whether the trial court erred in reversing the Board's interpretation of section 493(21) of the Liquor Code.

■ The Bureau asserts that section 493(21) should be strictly construed; that is, when an agent identifies himself and demands the right to inspect the premises, the licensee must immediately allow the agent to inspect the entire premises. However, the Bureau itself states that "[t]he only exception to this immediacy requirement is if the delay is the result of a licensee attempting to verify the identity of a Board or Bureau officer by requesting, in good faith, to see the officer's badge or photographic identification." (Bureau's brief at 12.) Interestingly, we believe that the facts here are consistent with the Bureau's exception to a strict interpretation of section 493(21).

■ Here, the trial court found Capek's trepidation reasonable in light of the past robbery and that Agent Radvansky's attempt at identifying himself was unsatisfactory. Our review of the record discloses that there

is substantial evidence to support these findings.[9] Thus, Licensee has sustained its burden of proving that Capek was not denying Agent Radvansky the right to inspect the premises, but, rather, was merely trying to be certain of Agent Radvansky's identity before allowing him to go behind the bar.

Accordingly, the trial court did not abuse its discretion or commit an error of law in holding that Licensee did not violate sections 493(21) and 471 of the Liquor Code or section 5101 of the Crimes Code, and dismissing Counts Three and Four of the Bureau's charges against Licensee. Thus, we affirm the trial court's order.

### ORDER

AND NOW, this 19th day of April, 1995, the order of the Court of Common Pleas of Allegheny County, dated March 29, 1994, at No. S.A. 623 of 1994, is hereby AFFIRMED.

592 (1987), and the trial court is the ultimate fact finder and determiner of credibility, *Cantina Gloria's Lounge.*

9. We note that Capek bears the burden of demonstrating the reasonableness of his actions, *cf. Heins v. Unemployment Compensation Board of Review,* 111 Pa.Commonwealth Ct. 604, 534 A.2d