**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**SCIOLI–TURCO POST 593, V.F.W.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1995.

Decided Dec. 14, 1995.

James A. Saylor, Assistant Counsel, for appellant.

Gary F. Di Vito, for appellee.

Before PELLEGRINI and NEWMAN, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) reversing an order of the Pennsylvania Liquor Control Board (Board) dismissing the citation against the Scioli–Turco Post 593, V.F.W. (Licensee).

The Bureau issued a citation against the Licensee, alleging three violations of the Pennsylvania Liquor Code[1] for operating a club after hours on August 8, 1992. The parties stipulated that patrons entered the premises and were served alcoholic beverages after 3:00 a.m., daylight savings time, but that the club operated at all times on eastern standard time.

The sole issue in this case is whether Section 406(a)(5) of the Liquor Code has been repealed. To determine whether it has been repealed involves an analysis of that section and of the history of "uniform time" legislation, as well as an application of various provisions of the Statutory Construction Act.

Section 406(a)(5) (Section 406) gives a liquor licensee the option to operate on east-

---

1. Act of April 12, 1951, P.L. 90, as reenacted by the Act of June 29, 1987, P.L. 32, 47 P.S. §§ 1–101—9-902.

ern standard time or daylight savings time. It provides:

> Any hotel, restaurant, club or public service liquor licensee may, by giving notice to the board, advance by one hour the hours herein prescribed as those during which liquor and malt or brewed beverages may be sold during such part of the year when daylight savings time is being observed generally in the municipality in which the place of business of such licensee is located. Any licensee who elects to operate his place of business in accordance with daylight savings time shall post a conspicuous notice in his place of business that he is operating in accordance with daylight savings time.

47 P.S. § 4–406(a)(5).

Section 406 was included in 1951 in the Liquor Code to give liquor licensees the option to operate their establishments on either daylight savings time or eastern standard time. In 1965, the uniform time standard legislation[2] was amended by Act 195 of 1965,[3] which mandated the adoption of daylight savings time, specifying that the standard of time in the Commonwealth between the last Sunday in April and the last Sunday in October of each year, "shall be one hour in advance of that prescribed above, commonly known as daylight savings time." As part of

the codification of the laws of the Commonwealth in 1972, the uniform time standard was again changed by Section 1907 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1907,[4] by providing that eastern standard time was official time unless Congress adopted another standard. This was done so as to ensure that Pennsylvania complied with the federal mandate of daylight savings time.[5]

In 1987, the General Assembly, as part of their overhaul of the Liquor Code, reenacted the "new" Section 406. The new Section 406 was essentially unchanged from the section as it was originally enacted in 1951 into the Liquor Code. If new Section 406 is valid, the citation against the Licensee must be dismissed because, even though it was after 4:00 a.m. on daylight savings time, under eastern standard time, which the Bureau stipulated that the club operated under, all patrons would have been served prior to the 3:00 a.m. closing time as required by the Liquor Code. Whether new Section 406 remains valid depends on whether that section has an effective date of 1951 or 1987 when the Liquor Code was reenacted.

It was with that background that the Administrative Law Judge, Board and trial court addressed the issue of whether liquor licensees still have the option to choose be-

**2.** In 1923, Pennsylvania had enacted uniform time legislation, Act of April 13, 1887, P.L. 21, *as amended*, May 3, 1923, P.L. 129, that adopted eastern standard time, but also stated that any standard time advanced by Congress shall be the law of the state.

**3.** Act of August 26, 1965, P.L. 378.

**4.** 1 Pa.C.S. § 1907 provides:
Every mention of, or reference to any hour or time in any statute, shall be construed with reference to and in accordance with the mean solar time of the 75th meridian of longitude west of Greenwich, commonly called eastern standard time, unless a different standard is therein provided for, or unless the standard time shall be advanced for any portion of the year, by any act of Congress.
Congress has, in fact, advanced a different standard time, that standard time being daylight savings time, from the last Sunday of April until the last Sunday of October of each year.

**5.** Prior to 1966, states were not required to adopt a uniform standard policy regarding when or if daylight savings time was in effect. The decision

to observe daylight savings time or the standard time was largely made on a community-by-community basis. H.R.Rep. No. 92–915, 92nd Cong., 2nd Sess. (1972), *reprinted in* 1972 U.S.C.C.A.N. 2201, 2202. On April 13, 1966, with an effective date set as April 1, 1967, Congress enacted the Uniform Time Act of 1966 (15 U.S.C.A. §§ 260–267), legislation requiring that each state adopt a uniform policy throughout the state as to whether daylight savings time or the standard time would apply. Although Congress gave the states the power to opt between daylight savings time and the standard time of the state, Congress did not give states the power to allow their municipalities or political subdivisions to choose between standards, nor did it give the states the power to choose when to begin and end the daylight savings time standard. This Act was designed to eliminate the confusion and unnecessary costs which ensued from the prior conflicting standards which had existed throughout the nation. H.R.Rep. No. 1315, 89th Cong., 2nd Sess. (1966), *reprinted in* 1966 U.S.C.C.A.N. 2111.

tween daylight savings time and eastern standard time for the hours of operation of the liquor establishment. In the administrative proceeding, the Administrative Law Judge (ALJ) found that the Licensee still had the option to choose between daylight savings time and eastern standard time and the ALJ dismissed the citation. She reasoned that old Section 406 of the Liquor Code was effectively repealed in 1965 by Act 195. When new Section 406 was included in the 1987 Liquor Code, it was new legislation which made the hours of operation option again available.

■ On appeal, the Board reversed, holding that 1 Pa.C.S. § 1907 was the more recent statute because new Section 406 of the Liquor Code was substantially the same as old Section 406, and it retained its original effective date of 1951 under 1 Pa.C.S. § 1961.[6] On appeal from the Board, the trial court reversed based on the same reasoning as that of the ALJ, and dismissed the citation. On appeal by the Bureau, it is now our turn to address this issue.[7]

■ As before the trial court, the Bureau contends that when Section 406 of the Liquor Code was readopted in 1987, because it contained the same language when it was first adopted in 1951, making 1951 its effective date, that also makes new Section 406 earlier in time than the 1972 effective date of 1 Pa.C.S. § 1907, the most recent general

statute imposing daylight savings time as the "legal time". Because Section 1961 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1961, provides that a reenactment of legislation returns to the date of its first adoption, if new Section 406 was a reenactment of old Section 406, we would certainly agree with the Board's holding. However, 1951, the date Section 406 was originally enacted, is not the date that should be used because the new Section 406 was not a reenactment. To be a reenactment requires that the underlying legislation be in effect and merely included in the recodification. However, old Section 406 was repealed by Act 195 of 1965.[8] That means that when new Section 406 was again added to the Liquor Code in 1987, it was not a reenactment but a new provision, making the new Section 406 more recently enacted than 1 Pa.C.S. § 1907.

Having determined that new Section 406 was enacted later than 1 Pa.C.S. § 1907, Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933, controls. It provides:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to

6. 1 Pa.C.S. § 1961 provides:
Whenever a statute reenacts a former statute, the provisions common to both statutes shall date from their first adoption. Such provisions only of the former statute as are omitted from the reenactment shall be deemed abrogated, and only the new or changed provisions shall be deemed to be the law from the effective date of the reenactment.

7. Where, as here, the trial court has taken no additional evidence, our scope of review is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Pennsylvania State Police v. R–Lounge, Ltd.*, 166 Pa.Cmwlth. 227, 646 A.2d 609 (1994).

8. The repeal of Act 195, Act of August 26, 1965, P.L. 378, that repealed Section 406 of the Liquor Code, a special statute, does not revive the special statute where there is no clear legislative intent to do so. *Sutherland Statutory Construction* provides:

Under the common law rules of interpretation, the repeal of a repealing statute operates to revive the original enactment where such repeal is accomplished by express provision. However, where the repeal of the repealing statute is achieved by specific provision or by implication with new additional legislation, the original legislation is revived only to the extent to which it is consistent with the new legislation.
Norman J. Singer, *Sutherland Statutory Construction*, § 23.31, at 420 (5th ed. 1993).
In Pennsylvania, the repeal of a repealing statute which has repealed a special statute has been held to not revive the special statute unless the legislative intent to do so is clear. *See Commonwealth v. Brennan*, 258 Pa. 1, 101 A. 947 (1917); *Commonwealth v. Scott*, 287 Pa. 392, 135 A. 225 (1926). In any event, if Act 195 of 1965 were never enacted, 1 Pa.C.S. § 1907 would have repealed old Section 406.

the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

Because new Section 406 is a specific statute with an enactment date later than 1 Pa.C.S. § 1907, a general provision, under 1 Pa.C.S. § 1933, the terms of the new Section 406 prevail and provide a liquor licensee with the option to choose between daylight savings time and eastern standard time when setting its hours of operation.

◼ Finally, we agree with the ALJ that new Section 406 was inadvertently "added" when the Liquor Code was revised, and that giving the option will cause the Bureau enforcement problems. Even though we believe that new Section 406 was added inadvertently, it was added. Where a statute is effective and the words are clear, we are precluded from holding otherwise. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Hopefully, the problem created by this outcome can be remedied by prompt legislative action.

Accordingly, the decision of the trial court dismissing the citation is affirmed.

### ORDER

AND NOW, this 14th day of December, 1995, the order of the Court of Common Pleas of Philadelphia County, No. 94–07–0128, dated October 24, 1994, is affirmed.

KELTON, Senior Judge, concurring.

Although I agree entirely with Judge Pellegrini's thorough analysis and join in his opinion, I believe that it should also be noted herein that neither party has discussed whether the Uniform Time Act of 1966, 15 U.S.C.A. §§ 260–267, either preempts or supersedes the acts of our General Assembly; nor has either party discussed whether Section 2 of Amendment XXI of the United States Constitution allows a state to establish non-uniform time periods for the sale of liquor or malt or brewed beverages.

Therefore, I believe that we do. *not* decide herein whether Section 406 is preempted or superseded by the Uniform Time Act of 1966. Judge Pellegrini has not done so and I agree.